## S90A0133. PENN v. THE STATE.
### (390 SE2d 584)

SMITH, Presiding Justice.

The appellant, Aaron Keith Penn, was sentenced to life imprisonment for the murder of Michael Atkins. We affirm.[1]

The appellant and the victim engaged in a series of altercations and threats the day before and the day of the murder. The trouble began when the appellant entered his wife's beauty salon and saw the victim with his hand on the appellant's wife's shoulder. The next day, the day of the murder, the appellant called the police and told them that he was having trouble with the victim and if the police did not do something that he was going to kill the victim. Later that day, the appellant took out two warrants for the victim, a criminal warrant for simple battery based on the altercation the night before and a good behavior warrant to keep the victim away from the beauty salon. That same day, the appellant purchased a pistol and ammunition.

---

[1] The crime was committed on July 10, 1988. The Spalding County jury returned its verdict of guilty on October 18, 1988. A motion for new trial was filed on November 1, 1988 and amended on May 3, 1989 and May 25, 1989. The motion was heard and denied on September 18, 1989. A notice of appeal was filed on October 4, 1989. The transcript of evidence was filed on March 10, 1989. The record was docketed in this Court on October 30, 1989. The case was argued on January 16, 1990.

According to the appellant's brother, the victim called the beauty salon and threatened to come to the salon and kill everyone. The victim arrived moments later, and the appellant's wife and brother went to the door. The appellant got his gun and exchanged words with the victim who was standing outside the door. According to the appellant, the victim appeared to have something that looked like the imprint of a gun in his pants. The appellant testified that the victim "turned as though he was going to leave, but he turned back when someone screamed he has a gun." The appellant testified that he shot the victim because he was afraid that the victim was going to shoot him. After the appellant shot the victim he said: "[I]f he's not dead let the bastard lay [sic] there and he'll die." When the police arrived they found the victim's body lying outside the door of the beauty salon. The victim died as the result of multiple gunshot wounds; three of the five entrance wounds were in the victim's back.

1. The trial court did not abuse its discretion in denying the appellant's motion for new trial based upon newly discovered evidence. *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

2. The trial court did not abuse its discretion in denying the appellant's motion for a mistrial. *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982).

3. The appellant asserts that the trial court erred in failing to give a requested charge. The charge given to the jury substantially covered the same principles of law as the charge the appellant requested. *Pruitt v. State*, 258 Ga. 583 (373 SE2d 192) (1988). We find no error.

4. We find no error in the appellant's fourth enumeration of error.

5. Construing the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. The trial court has discretion to recharge a jury as specifically requested or to recharge it in full. *Burgan v. State*, 258 Ga. 512, 514 (371 SE2d 854) (1988). The trial court did not abuse its discretion when it recharged the jury only on malice as specifically requested and did not recharge the jury on justification.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 1990.

*Andrew J. Ekonomou, Kirby G. Atkinson,* for appellant.
*W. Fletcher Sams, District Attorney, Anne Cobb, William T. McBroom III, Assistant District Attorneys, Michael J. Bowers, At-*

*torney General, Leonora Grant,* for appellee.