S94A1267. KING v. HAWKINS.
(454 SE2d 135)

BENHAM, Presiding Justice.

This is an appeal from a judgment granting Hawkins' petition for the writ of habeas corpus. The habeas court did not rule on the grounds asserted in appellee's petition, but granted the petition on the ground that the record of appellee's guilty plea hearing did not demonstrate a factual basis for the plea.[1] See *Head v. State*, 262 Ga. 795 (2) (426 SE2d 547) (1993). The Warden complains on appeal that he was not put on notice that the issue of the adequacy of the factual basis for the guilty plea would be litigated and was not afforded a proper opportunity to address the issue. Our review of the record persuades us of the correctness of the Warden's position. The only mention of the ground on which the habeas court based its judgment came from a single observation by the habeas court. Following cross-

---

[1] Uniform Superior Court Rule 33.9. Determining Accuracy of Plea.

Notwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea.

examination of Hawkins' trial counsel, the habeas court asked counsel about his understanding of the factual basis for the plea, noting that it had "read the transcript of the plea and it's sort of short."

Although we do not doubt the authority of a habeas court to consider such matters sua sponte, we believe the parties must be given an opportunity to address them in a meaningful way. Accordingly, we conclude that the proper course in this case is that which was followed in *Johnson v. Caldwell*, 229 Ga. 548, 553 (192 SE2d 900) (1972). In that case, questions concerning the voluntariness of guilty pleas were considered without notice to the Warden, and this court ordered that the case be remanded. Here, as there, the Warden should have sufficient time to prepare to address the issue and Hawkins should have an opportunity to amend his petition to conform to the issues before the habeas court.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 6, 1995.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellant.
*James M. Watts, Jr.,* for appellee.