S99A0930. WALKER v. PENN.

(523 SE2d 325)

THOMPSON, Justice.

Aaron Keith Penn was granted a writ of habeas corpus for the stated purpose of avoiding a miscarriage of justice. The Warden appeals, and we reverse.

Penn was convicted of malice murder in the 1988 shooting death of Michael Atkins, after a jury rejected his defense of justification. A motion for new trial was filed and amended to request a new trial based on newly discovered evidence. That evidence consisted of the affidavit of Horace Ragland, a state prisoner, who averred that he had witnessed the shooting and had observed the victim's brother remove a pistol from the victim after the shooting, but before the arrival of police. The trial court denied the motion finding that the affidavit evidence was merely cumulative of other testimony at trial. This Court affirmed, specifically ruling that the trial court did not abuse its discretion in denying Penn's motion for new trial based on newly discovered evidence. *Penn v. State*, 260 Ga. 117, 118 (1) (390 SE2d 584) (1990).[1]

---

[3] *Cooper v. State*, 256 Ga. 631 (352 SE2d 382) (1987).

[1] Penn filed an application for writ of habeas corpus in the United States District Court for the Northern District of Georgia, claiming in part that the denial of his motion for new trial based on newly discovered evidence amounted to an unconstitutional denial of due pro-

Six years later, Penn filed an extraordinary motion for new trial in the trial court, based on the affidavit of a second witness, Gary Ragland, brother of Horace Ragland, who corroborated Horace's statement that the victim had a gun which had been removed before the police arrived. After an evidentiary hearing, the motion was denied. The court, which had also presided over Penn's trial and motion for new trial, ruled that the two affidavits were not newly discovered evidence but were merely cumulative of testimony presented at trial and in the motion for new trial; are not so material as to have produced a different verdict; and that the evidence did not satisfy the requirements for an extraordinary motion for new trial.[2] Penn did not seek discretionary review in this Court.

One year later, Penn filed the present application for writ of habeas corpus alleging a variety of grounds. Following evidentiary hearings, the habeas court granted relief, not based on any claim raised by Penn, but rather sua sponte by applying a miscarriage of justice analysis.[3] The court found that with Gary Ragland's corroborating affidavit "the jury would likely have believed that the victim had a gun and that [Penn] had no reasonable choice but to shoot the victim in defense of self." It concluded that the denial of the extraordinary motion for new trial deprived Penn of due process and resulted in a miscarriage of justice. Assuming without deciding that the issue upon which relief was granted is of constitutional dimension and within the purview of the writ, we will address the merits of this appeal.

1. Issues previously decided by a court of competent jurisdiction are conclusive and constitute a procedural bar to relitigation. OCGA § 9-12-40; *Crowder v. State*, 265 Ga. 719 (461 SE2d 865) (1995); *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991). The principle of res judicata contained in OCGA § 9-12-40 is also binding in habeas corpus proceedings. *Turpin v. Lipham*, 270 Ga. 208 (1) (510 SE2d 32) (1998); *Martin v. State*, 228 Ga. App. 548 (492 SE2d 307) (1997).

The affidavit of Horace Ragland was presented to the trial court

---

cess. As to that claim, the district court found that "the newly discovered evidence upon which [Penn] based his amended motion for new trial pertains to the issue of petitioner's guilt . . . [which] does not constitute sufficient grounds for which . . . relief may be granted." *Penn v. Lewis*, No. 3:90-CV-116-GET, slip op. at 5 (N. D. Ga. 1991). The petition was denied in its entirety. Id. Penn's application for a certificate of probable cause was denied by the Eleventh Circuit Court of Appeals. *Penn v. Lewis*, No. 92-8233 (11th Cir. 1993).

[2] While the court erroneously found that *both* Ragland affidavits had been considered during Penn's 1989 motion for new trial and direct appeal, this incorrect finding is not critical to our analysis.

[3] While the habeas court did not grant the writ on any ground stated in the petition, "we do not doubt the authority of a habeas court to consider [cognizable] matters sua sponte." *King v. Hawkins*, 265 Ga. 93, 94 (454 SE2d 135) (1995). Respondent does not complain that he was denied an opportunity to respond. Compare id.

during the motion for new trial proceedings, and the court rejected it as cumulative of evidence at trial. This Court specifically affirmed that ruling under the standard of *Timberlake v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980).

Both Ragland affidavits were considered by the trial court in rejecting Penn's extraordinary motion for new trial. Although the trial court advised Penn of his right to seek discretionary review, and Penn's counsel stated an intention to file such an application, he did not do so. Accordingly, the judgment of the trial court denying Penn's extraordinary motion for new trial and its conclusion that the Ragland affidavits were cumulative of the evidence presented at trial and the amended motion for new trial are res judicata and binding on the habeas court. OCGA § 9-12-40; *Martin*, supra.

2. While an issue actually litigated and decided on direct appeal is precluded from being relitigated on habeas corpus, a narrow exception has been carved where petitioner can show that the writ is necessary to avoid a miscarriage of justice. OCGA § 9-14-48 (d); *Turpin v. Todd*, 268 Ga. 820, 831 (4) (493 SE2d 900) (1997). In the present case, the habeas court acknowledged that it is without authority to relitigate issues decided on direct appeal, but nevertheless applied the miscarriage of justice exception and, in so doing, undertook review of the trial court's findings. It concluded that Penn was denied a fair trial because the jury verdict was "based on an inaccurate presentation of the most basic and material of facts" as contained in the two corroborating affidavits.

The miscarriage of justice exception is an extremely high standard and is very narrowly applied. *Turpin v. Lipham*, supra at (2); *Gavin v. Vasquez*, 261 Ga. 568 (407 SE2d 756) (1991). It was described in *Valenzuela v. Newsome*, 253 Ga. 793, 796 (4) (325 SE2d 370) (1985), as follows:

> [T]he term [miscarriage of justice] is by no means to be deemed synonymous with procedural irregularity, or even with reversible error. To the contrary, it demands a much greater substance, approaching perhaps the imprisonment of one who, not only is *not* guilty of the specific offense for which he is convicted, but, further, is not even culpable in the circumstances under inquiry. (A plain example is a case of mistaken identity.)

Penn offered no new evidence to the habeas court. Instead, that court substituted its own analysis on the same facts already decided by the trial court. This Court has never authorized a habeas court to apply the miscarriage of justice analysis in order to substitute its judgment for that of a court of competent jurisdiction which reviewed

identical evidence. See also *Schlup v. Delo*, 513 U. S. 298 (115 SC 851, 130 LE2d 808) (1995) (to establish a miscarriage of justice exception, petitioner is required to support allegations of constitutional error with new reliable evidence that was not presented at trial). It is axiomatic that a habeas court is not to be used as a substitute for an appeal, or as a second appeal. *Moye v. Hopper*, 234 Ga. 230 (1) (214 SE2d 920) (1975); *Ferguson v. Balkcom*, 222 Ga. 676 (151 SE2d 707) (1966).

Accordingly, the habeas court erroneously applied a "miscarriage of justice" analysis as the basis for granting the writ.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellant.

*Johnny B. Mostiler,* for appellee.