S05A0744. DAVIS v. MURRELL.
(619 SE2d 662)

BENHAM, Justice.

Larry Davis, Jr. seeks reversal of the denial of his petition for habeas corpus. Charged with six counts of armed robbery, two counts of aggravated assault, one count of burglary, two counts of possession of a firearm during commission of a felony, and two counts of false imprisonment, Davis pled guilty to one count of armed robbery pursuant to a plea bargain under which the other charges were nol prossed and his sentence of 20 years to serve was made concurrent with a sentence he was serving in Florida. In his petition for habeas corpus relief, he contended he was denied effective assistance of counsel because his attorney affirmatively misinformed him regarding his eligibility for parole and sentence review. Davis testified at the hearing on his petition for habeas corpus that trial counsel told him

---

he would be eligible for parole in ten years and that he would not have entered the guilty plea if he had understood he would have to serve the entire 20 years. Trial counsel testified he could not remember what he said, but a letter he sent Davis after the plea was entered stated, "You will remain eligible for parole after you have served the minimum mandatory ten (10) years required by the statute as we previously discussed." Trial counsel testified that he, the prosecuting attorney, and the trial judge all assured Davis that he would be eligible for sentence review, and the transcript of the sentencing hearing included the trial court's assurance to Davis that he was eligible for sentence review. Trial counsel learned Davis was not eligible for sentence review only when a request for sentence review was rejected because the conviction for armed robbery made Davis ineligible for sentence review. See OCGA § 17-10-6 (a). Likewise, the conviction for a violent felony made Davis ineligible for parole. See OCGA § 17-10-6.1 (c) (3).

The habeas corpus court reviewed the evidence and held it did not satisfy the standard of *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), which tailored the two-pronged ineffective assistance of counsel standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to guilty pleas by establishing a prejudice prong requiring the "defendant . . . show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, supra, 474 U. S. at 59. See *Tarwater v. State*, 259 Ga. 516, 518 (383 SE2d 883) (1989). This Court granted Davis's application for a certificate of probable cause and directed the parties to address both prongs of the test.

1. As to the deficient performance prong, this Court's decision in *Smith v. Williams*, 277 Ga. 778 (1) (596 SE2d 112) (2004), controls. We held there that affirmatively misinforming a client that he "would be eligible for parole after five years, when the guidelines provide for service of thirteen and a half years, is so inaccurate that it falls outside the permitted range of competence." Id. Trial counsel's assurance to Davis that he would be eligible for parole after serving ten years of his twenty-year sentence is likewise so inaccurate that it falls outside the permitted range of competence. We view trial counsel's misstatement to Davis that he was eligible for sentence review to be comparable to the misstatement regarding parole eligibility and likewise outside the permitted range of competence. Those two instances of affirmatively misinforming Davis of the consequences of his plea establish the deficient performance prong of a showing of ineffective assistance of counsel. Id.

2. With regard to the prejudice prong, the habeas corpus court's order set out four factual findings on which it based its conclusion

that Davis did not meet the standards required by *Hill v. Lockhart*, supra. The first finding, which is supported by the record, was that Davis swore that had he known he was not eligible for sentence review and would have to serve the entire 20-year sentence without the possibility of parole, he would have chosen to go to trial. In juxtaposition to that finding, the trial court made one finding that is not relevant to the issue of prejudice and two findings that are not supported by the record and are, therefore, clearly erroneous.

First, the trial court correctly found that trial counsel testified he told Davis the likelihood of success on sentence review was low because of the violent nature of the crimes involved. However, the misinformation on which the finding of deficient performance is based was counsel's erroneous statement to Davis that he was eligible to have his sentence reviewed. The inquiry in the prejudice prong of this case is whether Davis would have entered a plea absent misinformation about eligibility, not misinformation about the likelihood of success. Thus, the habeas corpus court's finding that trial counsel told Davis he stood a poor chance of having his sentence reduced on sentence review is not relevant to the issue of whether Davis would have gone to trial had he not been misinformed regarding the availability of sentence review. For the same reason, the fact that Davis declined trial counsel's offer to file a motion to withdraw the guilty plea after learning of his ineligibility for sentence review is not relevant to the question of whether Davis would have entered the plea had he not been misinformed. The question in this prejudice inquiry is not what he would have done at some subsequent time when he learned the truth, but what he would have done at the guilty plea hearing had he been given the correct information.

The habeas corpus court found that trial counsel "testified that he told Petitioner not to rely on his representations as to eligibility for parole." However, the record shows that trial counsel did not remember what he told Davis on that issue, but that he generally tells clients not to rely "on any representation that I, or anybody else, make about the parole board. . . ." Thus the habeas corpus court's finding that trial counsel told Davis not to rely on representations regarding his eligibility for parole is not supported by the evidence. Even accepting the warden's suggested premise that the habeas corpus court was authorized to find from trial counsel's statement of his general practice the specific fact that he told Davis not to rely on representations regarding the parole board (see generally *Parks v. McClung*, 271 Ga. 795, 796, n. 4 (524 SE2d 718) (1999)), that statement did not address eligibility for parole, but likelihood of success. As we noted above about sentence review, the relevant inquiry regarding prejudice in this case is not the likelihood of success, but the effect of misinformation regarding eligibility.

Finally, the habeas corpus court held that trial counsel testified "that the only issue Petitioner was concerned about was that his sentence run concurrent with his Florida sentence he was then serving." That finding is at odds with trial counsel's testimony that the concurrence of the sentences was one of Davis's concerns, along with the overall length of the sentence and the fairness of the sentence in comparison to those received by co-defendants.

Since the habeas corpus court's only accurate and relevant finding regarding the issue of prejudice was that Davis swore he would not have entered the guilty plea had he not been misinformed about eligibility for sentence review and parole consideration, its conclusion that Davis did not meet the standards of *Hill v. Lockhart*, supra, was erroneous. Consequently, the order denying habeas corpus relief to Davis must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Marcus C. Chamblee*, for appellant.

*Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.