S07A1089. UPTON v. JOHNSON.
(652 SE2d 516)

BENHAM, Justice.

This appeal is from the grant of habeas corpus relief based on ineffective assistance of counsel, specifically on the failure to research double jeopardy issues and the provision of incorrect advice on

---

that subject, leading to a guilty plea. James Johnson was indicted in Whitfield County for kidnapping, false imprisonment, criminal attempt to commit murder, and possession of tools for the commission of a crime. He was indicted three months later in Cobb County for kidnapping with bodily injury and two counts of aggravated assault. All the charges arose from an incident in which Johnson, waiting in his estranged wife's Cobb County home when she arrived, accused her of having been with another man, assaulted her, rendered her unconscious, put her in the trunk of her car, put their child in the car, and drove away. She awoke as he drove and opened the trunk partially, attracting the attention of passers-by. After driving from Cobb County to Whitfield County, Johnson stopped at a service station where the victim was able to escape with the aid of bystanders while Johnson drove away with their child in the car.

Pursuant to a plea agreement, Johnson entered a guilty plea in Cobb County to a single charge of kidnapping with bodily injury for which he received a life sentence. Under the agreement, the other charges in Cobb County were nolle prossed, as were all the charges in Whitfield County. Johnson subsequently filed a petition for a writ of habeas corpus alleging ineffective assistance of counsel and coercion of his guilty plea by counsel. At the hearing on his petition, Johnson testified, and the habeas corpus court found as a fact, that counsel had told Johnson that if he did not plead guilty in Cobb County and accept a life sentence, he would also be prosecuted in Whitfield County and could be sentenced there to a consecutive term of imprisonment for life without the possibility of parole. The habeas corpus court also found as a fact that if Johnson had known he could not be sentenced to a consecutive term of life without parole in Whitfield County, he would have insisted on going to trial in Cobb County. The habeas corpus court ruled that counsel had incorrectly told Johnson he would be subject to the "90% rule" formerly applied by the Georgia Board of Pardons and Parole, and had failed to research issues relating to double prosecution in different counties. Finding counsel's performance deficient for failing to determine the viability of the separate prosecutions, for misadvising Johnson that the parole board's 90% rule applied, and for telling him he could receive life without parole in Whitfield County when application of the constitutional principle of double jeopardy required the contrary conclusion, the habeas corpus court set aside the conviction. The warden appeals that judgment.

"To prove ineffective assistance of counsel in connection with a guilty plea . . . , a defendant must prove that his counsel was deficient, and that absent the deficiency, there is a reasonable probability that he would have proceeded to trial rather than pleading guilty." *Smith v. Williams*, 277 Ga. 778 (1) (596 SE2d 112) (2004). In the present

case, the habeas corpus court found deficient performance of trial counsel in giving incorrect advice and found as a fact that Johnson would have gone to trial rather than plead guilty had he not been told he was subject to a consecutive term of life without the possibility of parole. " 'The proper standard of review requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Wetherington v. Carlisle*, 273 Ga. 854, 855 (547 SE2d 559) (2001). When there is evidence to support the habeas corpus court's factual findings, those findings cannot be found to be clearly erroneous. Id. The record in this case contains evidence in the form of Johnson's testimony to support the habeas corpus court's findings, so we must accept its findings regarding what trial counsel told Johnson and its finding that Johnson would not have pleaded guilty had he known he could not be sentenced in Whitfield County to a consecutive life sentence without parole.

The dissent's argument regarding the prejudice prong is based on a single statement in the trial court's order in which the trial court appears to attempt to explain why Johnson would not have pleaded guilty had he been advised properly. The trial court's musing regarding Johnson's motivation was not necessary to its decision and was not supported by Johnson's testimony. In fact, Johnson's testimony was unequivocal that he would not have entered a guilty plea had he known that a sentence of life without parole was not a possibility in Whitfield County. Because the dissent's argument that the prejudice prong was not met was based solely on a phrase in the trial court's order for which there was no evidentiary support, the argument is devoid of merit. Thus, no issue of merger properly arises in this case and the dissent's discussion of *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006), is irrelevant.

Since the prejudice prong of an ineffective assistance of counsel claim is established by showing the existence of a reasonable probability that, but for counsel's errors, the accused would not have pleaded guilty and would have insisted on going to trial (*Davis v. Murrell*, 279 Ga. 584, 585 (619 SE2d 662) (2005)), the prejudice prong of Johnson's claim is established by the habeas corpus court's finding. Accordingly, we turn to consideration of the correctness of the habeas corpus court's conclusion that trial counsel's performance was deficient.

Since the prejudice found by the trial court related only to trial counsel advising Johnson he could be sentenced to life without parole in Whitfield County, we need consider in regard to the deficiency prong of the ineffectiveness claim only the question of whether that advice was faulty. Of the crimes for which Johnson was indicted in Whitfield County, only kidnapping had any potential for imposition of

a life sentence.[1] The kidnapping charge on its own, since bodily injury was not alleged, would have carried a maximum sentence of 20 years under OCGA § 16-5-40 (b) (1), but since Johnson had prior felony convictions, a possibility existed of his being sentenced to life without parole under OCGA § 17-10-7 (b) (2). Thus, if the kidnapping charge in Whitfield County were not barred by double jeopardy, the advice on which the habeas corpus court found Johnson to have relied in making his plea decision would not necessarily have been defective.

The habeas corpus court, considering the Cobb County indictment, the establishment of the factual basis for the guilty plea in Cobb County, the allegations of the Whitfield County indictment's kidnapping count, and this Court's decision in *Perkinson v. State*, 273 Ga. 491 (1) (542 SE2d 92) (2001), concluded the kidnapping charge in Whitfield County would have been barred by the constitutional principle of double jeopardy because the two charges referred to a single offense, rendering counsel's advice defective. Appellant argues that the habeas corpus court erred in applying *Perkinson* to the present case because its finding that the two kidnapping charges were the same offense was based on speculation regarding what the evidence would have been in the Whitfield County prosecution. That argument is based primarily on the fact that in *Perkinson*, the parties stipulated to what would have been shown in the second prosecution whereas the habeas corpus court in the present case relied on the factual basis for the Cobb County kidnapping charge and the language of the two indictments. Our review of the record persuades us a stipulation such as that in *Perkinson* was not necessary here because the factual basis for the Cobb County guilty plea, when considered with the two indictments, establishes without speculation that the two kidnapping charges set forth the same elements of the crime, conclusively showing they stemmed from a single continuous transaction in which Johnson abducted the victim in Cobb County and drove her into Whitfield County, and thus allege the same offense.

---

[1] None of the other offenses with which Johnson was charged in Whitfield County (false imprisonment, criminal attempt to commit murder, and possession of tools for the commission of a crime) is listed as a "serious violent felony" in OCGA § 17-10-6.1, which could trigger a sentence of life imprisonment without the possibility of parole pursuant to OCGA § 17-10-7 (b) (2), or is on its own punishable by life imprisonment. "A person convicted of the offense of false imprisonment shall be punished by imprisonment for not less than one nor more than ten years." OCGA § 16-5-41 (b). "A person convicted of the offense of criminal attempt to commit a crime punishable by death or by life imprisonment shall be punished by imprisonment for not less than one year nor more than 30 years." OCGA § 16-4-6 (a). "A person convicted of the offense of possession of tools for the commission of crime shall be punished by imprisonment for not less than one nor more than five years." OCGA § 16-7-20 (b).

The dissent in this case adopts the State's speculation argument, but again fails to take into account the record. The record of the guilty plea hearing in Cobb County, introduced into evidence at the habeas corpus hearing, contains a narrative that tracks the occurrences on which the indictments were based from their inception in Cobb County all the way through to Johnson's arrest in Whitfield County. To suggest there were some unknown facts on which a separate Whitfield County kidnapping charge could have been based is unwarranted. The facts were established in the record and the dissent's speculation cannot change the fact that both kidnapping charges were based on the single kidnapping of the same victim on the same day.

Since, as in *Perkinson*, the kidnapping charges in the two counties were the same offense and the kidnapping prosecution in Whitfield County would be barred by double jeopardy, trial counsel's advice that Johnson could be prosecuted for kidnapping in Whitfield County and be sentenced to a consecutive term of life imprisonment without the possibility of parole was, as the habeas corpus court concluded, incorrect. Here, as in *Gerisch v. Meadows*, 278 Ga. 641, 645 (3) (604 SE2d 462) (2004), counsel's faulty advice "was not within the range of competence required of attorneys in criminal cases." Id. That being so, the habeas corpus court was correct in finding the deficient performance prong of an ineffective assistance of counsel claim was established in this case.

Having concluded the habeas corpus court correctly found both prongs of Johnson's ineffective assistance of counsel claim were established with regard to the advice that he could be sentenced in Whitfield County to a consecutive life sentence without the possibility of parole, we need not consider the other findings of deficient performance.

*Judgment affirmed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

To prevail on an ineffective assistance of counsel claim, a defendant who pled guilty to a crime must show that his trial attorney's performance fell below an objective standard of reasonableness and that, but for that deficient performance, he would have rejected the plea and insisted on going to trial. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Rollins v. State*, 277 Ga. 488, 491 (2) (591 SE2d 796) (2004). In this case, the habeas court found that Johnson made a sufficient showing as to both prongs. On appeal, this Court must defer to that court's findings of fact unless they are clearly erroneous, but we review its legal conclusions de novo. *Rakestrau v. State*, 278 Ga. 872, 873 (2) (608 SE2d 216) (2005). Applying that

standard here, I cannot agree with the majority that the habeas court reached the correct legal conclusion based upon the facts that it found. Therefore, I dissent to affirmance of the grant of habeas corpus relief to Johnson.

"The rule against double jeopardy . . . is expressed in various terms but basically provides that no person shall be put in jeopardy of life or liberty more than once for the same offense." *Keener v. State*, 238 Ga. 7-8 (230 SE2d 846) (1976). Accordingly, the initial inquiry is whether Johnson's attorney performed deficiently, because he failed to recognize that the crime of kidnapping with bodily injury, to which he encouraged his client to plead guilty in Cobb County, was the "same offense" as the crime of kidnapping in Whitfield County, which was nol prossed.

In concluding that Johnson did have a viable double jeopardy defense to prosecution for kidnapping in Whitfield County, the habeas court relied on *Gerisch v. Meadows*, 278 Ga. 641 (604 SE2d 462) (2004) and *Perkinson v. State*, 273 Ga. 491, 493 (1) (542 SE2d 92) (2001). However, the criminal defendant in *Gerisch* had already been twice convicted, and there was evidence to support a finding that the two convictions were for the same offense. *Gerisch v. Meadows*, supra at 643 (1). In *Perkinson*, there was only one conviction, but the parties "stipulated that the evidence from the Bartow County trial was essentially the same as would be presented in a [subsequent] DeKalb County trial on the offenses alleged there." *Perkinson v. State*, supra at 493 (1). Here, there is only the one conviction in Cobb County, and no stipulation as to what evidence the State was prepared to introduce to show that Johnson was guilty of the offense of kidnapping in Whitfield County. Compare *Gerisch v. Meadows*, supra; *Perkinson v. State*, supra.

The habeas court found as follows:

> Reading the indictments from both counties show that the charges are the same. The date, elements, and victim are the same. Further, the factual basis presented at the plea in Cobb County showed that this was one criminal transaction. The facts presented at the plea [hearing] show that the alleged victim was driven across the county line in [Johnson's] car. This certainly is a continuous transaction.

This finding is insufficient to support the legal conclusion that Johnson had a viable double jeopardy defense to prosecution for kidnapping in Whitfield County. The general allegations of the two indictments are not controlling, if the State was prepared to present specific evidence showing that Johnson not only committed the offense of kidnapping with bodily injury in Cobb County, but that he

also committed a separate charge of kidnapping in Whitfield County. The evidence adduced at the plea hearing in Cobb County may well have shown commission of an offense which commenced in that county and continued into Whitfield County. However, the sole purpose of that hearing was to establish a factual basis for Johnson's plea of guilty to a crime committed in Cobb County. There was no reason why the State would necessarily show at that hearing any additional evidence that it might have to support a separate prosecution for kidnapping in Whitfield County. As the habeas court surmised, there may have been one "continuous transaction." However, that is rank speculation entitled to no more credence than speculation that the prosecution in the two counties was for commission of two separate crimes. In the absence of probative evidence as to the factual basis underlying the Whitfield County prosecution, Johnson failed to show that his counsel's performance was deficient because of an alleged failure to recognize a viable double jeopardy defense. Compare *Perkinson v. State*, supra; *Gerisch v. Meadows*, supra.

Moreover, even assuming that the evidence would authorize a finding that trial counsel was deficient for failing to recognize the viability of a double jeopardy defense to the kidnapping charge in Whitfield County, the question still remains as to whether the habeas court was also authorized to find that Johnson was prejudiced thereby. The habeas court held that Johnson "would have insisted on going to trial [in Cobb County] because he received the maximum sentence of life in prison by pleading guilty, so he would have nothing to lose by going to trial." The prejudice prong of the ineffectiveness claim rests on this finding, which was based on the habeas court's assessment of Johnson's testimony at the hearing on his petition.

It is certainly true that, had Johnson been facing only a kidnapping charge in Whitfield County to which he had a viable double jeopardy defense, then he would not have lost anything by rejecting the plea agreement and standing trial on the kidnapping with bodily injury charge in Cobb County. See *Gerisch v. Meadows*, supra. However, he had been indicted in Whitfield County for additional offenses of false imprisonment, criminal attempt to commit murder, and possession of tools for the commission of a crime. The plea agreement offered to Johnson was that, in exchange for his guilty plea to the single count of kidnapping with bodily injury in Cobb County, *all* of the charges in Whitfield County would be nol prossed. Therefore, it was erroneous for the habeas court to base a finding of prejudice on its conclusion that Johnson would not have pled guilty to kidnapping with bodily harm because he had nothing to lose by doing so. Compare *Gerisch v. Meadows*, supra. To the contrary, by not pleading guilty, he would lose the benefit of avoiding prosecution for several additional

offenses. Under the relevant circumstances, Johnson can demonstrate that he was prejudiced only by testifying that he would not have pled guilty to the single offense of kidnapping with bodily injury in Cobb County notwithstanding the loss of the benefit of the plea agreement in its entirety or by showing that his prosecution for the additional offenses in Whitfield County would also be barred by a plea of double jeopardy. Any other holding would permit Johnson to retain the full benefit of the plea agreement until the statute of limitations has run on the nol prossed charges in Whitfield County and then renounce his part of the bargain simply by testifying that, but for his attorney's failure to recognize the viability of a double jeopardy defense as to a single one of those nol prossed charges, he would not have pled guilty to the count of kidnapping with bodily injury in Cobb County.

The habeas court did not find that Johnson would have rejected the guilty plea even though, by doing so, he would forego a nol pros of all of the pending charges in Whitfield County. Instead, that court concluded that "all of the Whitfield County counts would have merged into the Cobb [County] kidnapping with bodily injury. . . ." It appears that the habeas court applied the "actual evidence" test as the basis for determining that all of the charges against Johnson in Whitfield County would have merged into the Cobb County kidnapping with bodily injury. However, in *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006), this Court rejected that test, because

[i]t has created situations where the conduct of a defendant constitutes a clear violation of multiple statutes, each of which is intended to protect against different harms, but where the defendant is given a free pass for some of his crimes because his crimes were committed in a single act. [Cits.]

In its place, we adopted the "required evidence" test, under which

"(t)he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." [Cit.]

*Drinkard v. Walker*, supra at 215. Accordingly, regardless of the continuous transaction analysis applied by the habeas court, there would be no merger so long as false imprisonment, criminal attempt to commit murder and possession of tools for the commission of a crime required proof of a fact that kidnapping with bodily harm did

not. If there was no merger, then by rejecting the guilty plea, Johnson not only faced the possibility of life imprisonment without parole upon a conviction in Cobb County. He also confronted the possibility of receiving in Whitfield County a ten-year sentence for false imprisonment (OCGA § 16-5-41 (b)), a thirty-year sentence for attempted murder (OCGA § 16-4-6 (a)), and five years for possession of tools for the commission of a crime (OCGA § 16-7-20 (b)). Because *Drinkard* represents a substantive change in the criminal law, it should be applied retroactively on collateral habeas review. See *Luke v. Battle*, 275 Ga. 370, 373 (2) (565 SE2d 816) (2002). The general rule is that a decision, such as *Drinkard*, which overrules precedent " ' "is retrospective and makes the law at the time of the overruled decision as it is declared to be in the last decision. . . ." (Cit.)' [Cit.]" *Ellis v. State*, 272 Ga. 763, 764-765 (1) (534 SE2d 414) (2000). In fact, the very issue in *Drinkard* was whether defense counsel had been ineffective for failing to argue that several offenses had merged under the "actual evidence" test. We held that merger under that rejected test was unavailable to the habeas petitioner in *Drinkard*, and likewise it should not be available to Johnson now.

Thus, it appears that the habeas court applied the incorrect standard in determining whether Johnson was prejudiced by his counsel's purported failure to recognize a viable double jeopardy defense. At the very least, the grant of habeas relief should be reversed, and the case remanded for that court to reconsider both the validity and credibility of Johnson's claim that he would not have pled guilty to the charge in Cobb County, in light of *Drinkard* and the possibility that, by failing to accept the plea, he faced prosecution and sentence for additional crimes in Whitfield County.

DECIDED OCTOBER 29, 2007.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Steven M. Rodham*, for appellant.
*Rodney S. Zell*, for appellee.