## S08A1326. TILLMAN v. GEE.

(667 SE2d 600)

HINES, Justice.

This is an appeal by Warden Randy Tillman from an order of the Superior Court of Ware County granting criminal defendant Richard C. Gee II's petition for writ of habeas corpus. For the reasons that follow, we affirm the grant of habeas relief.

In February 2001, Gee entered non-negotiated guilty pleas in the Superior Court of Fulton County to charges of armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He was sentenced to sixteen years to serve in prison for armed robbery, a concurrent five years to serve for possession of a firearm by a convicted felon, and a consecutive five years to serve for possession of a firearm during the commission of a felony. At the time of these pleas, Gee was serving a 20-year partially probated sentence entered in 1993 for a previous armed robbery and other crimes committed in Cobb County. While serving the Fulton County sentence, Gee was served with a probation revocation petition seeking to revoke the balance of the probated portion of the Cobb County armed robbery sentence. The Fulton County charges to which Gee had pled guilty were alleged as probation violations. Gee admitted the allegations set forth in the probation revocation petition and waived a hearing thereon. In March 2004, the Superior Court of Cobb County revoked Gee's probation.

Gee filed the present petition for writ of habeas corpus alleging that his 2001 Fulton County pleas were invalid because he entered the pleas based upon the promise and misrepresentation that he would be eligible for parole after serving 90 percent of the Fulton County armed robbery sentence. He also challenged the validity of the Cobb County probation revocation on the basis that at the time he admitted the grounds for revocation, which were the Fulton

County pleas, and waived a hearing, he was unaware that he was not parole eligible for the Fulton County armed robbery to which he had pled guilty.

On August 28, 2007, the habeas court granted Gee's petition, finding that Gee was denied effective assistance of trial counsel because Gee's Fulton County pleas were involuntarily made in that they were induced by misrepresentation by his counsel as well as the trial court about his parole eligibility; the habeas court found that Gee could not have been eligible for parole because of OCGA § 17-10-6.1 (c) (3).[1] Consequently, the habeas court declared the Fulton County pleas to be null and void, and ordered that Gee be permitted to withdraw them. The habeas court further found that Gee admitted to the violations in the petition to revoke his probation based upon the invalid pleas; therefore, his admissions and waiver were not knowing and voluntary, and the probation revocation was null and void. The habeas court ordered the reinstatement of Gee's Cobb County probation.

In order

> [t]o prove ineffective assistance of counsel in connection with a guilty plea . . . , a defendant must prove that his counsel was deficient, and that absent the deficiency, there is a reasonable probability that he would have proceeded to trial rather than pleading guilty. . . . The proper standard of review [of the habeas court's ruling] requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

*Upton v. Johnson*, 282 Ga. 600, 601 (652 SE2d 516) (2007) (citations and punctuation omitted).

In this case, the analysis must begin with the examination of the claimed deficiency of trial counsel, i.e., whether counsel's advice about Gee's parole eligibility was faulty. As noted, the habeas court found that Gee could not have been eligible for parole under the

---

[1] OCGA § 17-10-6.1 (c) (3) provides:

> Any sentence imposed for the first conviction of any serious violent felony other than a sentence of life imprisonment or life without parole or death shall be served in its entirety as imposed by the sentencing court and shall not be reduced by any form of parole or early release administered by the State Board of Pardons and Paroles or by any earned time, early release, work release, leave, or other sentence-reducing measures under programs administered by the Department of Corrections, the effect of which would be to reduce the period of incarceration ordered by the sentencing court.

provisions of OCGA § 17-10-6.1 (c) (3). However, this statutory subsection applies to a "sentence imposed for the *first conviction of any serious violent felony.*" (Emphasis supplied.) See footnote 1, supra. The crime of armed robbery is deemed a "serious violent felony" for the purpose of OCGA § 17-10-6.1 (c) (3). OCGA § 17-10-6.1 (a) (2). It is undisputed that at the time of the 2001 pleas in Fulton County, Gee was serving the sentence entered in 1993 for the previous armed robbery in Cobb County. Consequently, the adjudication of the Fulton County armed robbery would not have been Gee's "first conviction of a serious violent felony"; therefore, by its express terms, OCGA § 17-10-6.1 (c) (3) was not applicable to Gee at the time he pled guilty to that armed robbery and related offenses. Instead, considering the present record in regard to Gee's commission of a "serious violent felony," at the time of the 2001 pleas,[2] Gee was subject to the recidivist provisions of OCGA § 17-10-7 (b) (2),[3] mandating a sentence of imprisonment for life without parole. Affirmatively misinforming a client about parole eligibility falls outside the permitted range of professional competence. *Davis v. Murrell*, 279 Ga. 584, 585 (1) (619 SE2d 662) (2005); *Smith v. Williams*, 277 Ga. 778 (1) (596 SE2d 112) (2004). Thus, this Court must next turn to the findings regarding advice given to Gee about parole eligibility and his reliance thereon to his prejudice.[4] *Upton v. Johnson*, supra at 601.

The habeas court found as fact the following: as to the Fulton County armed robbery, the State's best plea offer was 20 years to serve; Gee informed trial counsel that he would never plead guilty to

---

[2] This does not take into account the evidence of Gee's other felony convictions which would also implicate the provisions of OCGA § 17-10-7 (c), affecting parole eligibility.

[3] OCGA § 17-10-7 (b) (2) states:

Any person who has been convicted of a serious violent felony in this state or who has been convicted under the laws of any other state or of the United States of a crime which if committed in this state would be a serious violent felony and who after such first conviction subsequently commits and is convicted of a serious violent felony for which such person is not sentenced to death shall be sentenced to imprisonment for life without parole. Any such sentence of life without parole shall not be suspended, stayed, probated, deferred, or withheld, and any such person sentenced pursuant to this paragraph shall not be eligible for any form of pardon, parole, or early release administered by the State Board of Pardons and Paroles or for any earned time, early release, work release, leave, or any other sentence-reducing measures under programs administered by the Department of Corrections, the effect of which would be to reduce the sentence of life imprisonment without possibility of parole, except as may be authorized by any existing or future provisions of the Constitution.

[4] In the context of the present claim and finding of the habeas court about ineffectiveness of trial counsel for legally inaccurate advice, this Court need not consider any inaccurate statements by the sentencing court or the prosecutor, or the possibility that the sentencing court, prosecutor, and/or trial counsel were unaware of Gee's documented criminal record at the time of the 2001 pleas.

the armed robbery unless the sentence imposed was less than the maximum and was parole eligible; when Gee asked his counsel about parole, counsel responded that the parole board made all of those decisions, but that the current policy for armed robbery charges was for the person pleading guilty to serve two-thirds to 90 percent of the sentence imposed, and that counsel believed that the parole board was currently acting on the 90 percent policy; when the State declined to make a better plea offer for the armed robbery than 20 years to serve, Gee decided to enter a non-negotiated plea of guilty with the understanding and assurance by his counsel that whatever sentence was imposed by the trial court for armed robbery would be parole eligible; at the sentencing hearing in the presence of Gee, trial counsel, and the prosecutor, the trial court stated, "armed robbery is a ninety percenter" and "because on the armed robbery, he's going to do ninety percent of it, definitely" to which trial counsel replied, "Yes"; the trial court then asked, "Is that right?," and trial counsel responded, "That's correct."; the trial court then asked Gee, "Do you understand what I'm saying . . . ?" to which Gee responded that he did; had Gee known that he would have to serve the entire sentence imposed for armed robbery and that none of it would be parole eligible, he would not have pled guilty but instead, would have opted for trial by jury; that wrongly believing that his Fulton County armed robbery sentence was parole eligible as had been represented to him by trial counsel and confirmed by the trial court and assistant district attorney during sentencing, and assuming that his guilty plea and subsequent sentence was valid, Gee concluded that he had no grounds or reason to contest the allegations of the petition for revocation of probation of the Cobb County armed robbery sentence; Gee's probationary sentence for the Cobb County armed robbery was revoked based upon Gee's admissions; and had Gee known that he would be required to serve the entire sentence for the Fulton County armed robbery, that it was not parole eligible as was misrepresented to him, and that such misrepresentation might render his Fulton County pleas invalid, he would never have admitted the alleged violations of the conditions of his probation as alleged in the Cobb County probation revocation petition, but would have insisted on a hearing.

A habeas court's factual findings cannot be found to be clearly erroneous, if there is evidence in the record to support such findings. *Upton v. Johnson*, supra at 602. Here, there is ample evidence in the record to support the findings of the habeas court, including Gee's testimony as well as the transcript of the 2001 hearing at which Gee entered the Fulton County guilty pleas. Consequently, this Court must accept the findings as to what trial counsel represented to Gee, and that Gee would not have pled guilty to the Fulton County armed

robbery or admitted the allegations of the Cobb County probation revocation petition had he known that his attorney's representations regarding parole were wholly inaccurate.[5]

Thus, the grant of habeas corpus relief to Gee must be sustained. *Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellant.

Richard C. Gee II, *pro se*.

---

[5] Warden Tillman argues that the habeas court's reinstatement of Gee's probation was in error because it was not required that Gee be convicted in order for a court to revoke his probation. While that is certainly the case, see OCGA § 42-8-34.1 (b), it is irrelevant for the purpose of the question of whether the prejudice prong of the ineffective counsel claim was satisfied. The germane inquiry regarding the probation revocation is whether Gee would have admitted the allegations in the petition and waived a hearing thereon but for his misinformed entry of the Fulton County pleas, and the evidence supports the finding that Gee's choice of action regarding the probation revocation was inextricably tied to the fact of his entry of such pleas.