## S08A1772. MURRELL v. YOUNG.
### (674 SE2d 890)

HUNSTEIN, Presiding Justice.

Warden Brenda Murrell appeals an order of the Superior Court of Dooly County granting Respondent Glenward Young's petition for the writ of habeas corpus. Finding error on the part of the habeas court, we reverse.

In June 1999, Young, on the advice of his public defender, entered a non-negotiated plea of guilty to one count of aggravated assault. The trial court imposed the maximum sentence of 20 years imprisonment. Young thereafter retained private counsel and filed a motion to withdraw his guilty plea or alternatively for a reduction of sentence, claiming that his public defender had rendered misleading and erroneous advice in connection with his plea. At the conclusion of an evidentiary hearing on the motion to withdraw, at which Young and his public defender testified, the trial court announced its decision to deny the motion. Though the hearing was held in October 1999, the record reflects that the denial was not reduced to a written order until July 23, 2001.

Following the oral denial of his motion, Young filed a pro se notice of appeal of the trial court's denial of the motion to withdraw. Subsequently, Young, still pro se, filed an extraordinary motion for new trial, and thereafter he filed a motion for appointment of counsel. Though the record contains no indication as to the trial court's disposition on the latter motion, Young was represented by counsel at the eventual April 2001 hearing on the extraordinary motion for new trial. At the hearing, the State informed the trial court that Young had previously filed a notice of appeal as to the denial of the motion to withdraw, and on this basis, the extraordinary motion for new trial was dismissed for lack of jurisdiction.[1] The Court of Appeals thereafter affirmed the denial of Young's motion to withdraw. *Young v. State*, 254 Ga. App. 262 (562 SE2d 231) (2002).

Young then sought habeas relief. In July 2004, the habeas court held an evidentiary hearing at which Young was represented by new counsel. On May 27, 2008, the court granted the habeas petition on the ground that Young had been denied the right to counsel on his

---

[1] The written dismissal order was issued on July 23, 2001, the same date of entry as the belated order denying the motion to withdraw.

extraordinary motion for new trial and on appeal. As relief, the court declared Young's conviction and sentence "invalid and void" and ordered Young remanded to Douglas County to await a new trial.

1. Given that Young was represented by counsel at the hearing on the extraordinary motion for new trial, the habeas court clearly erred in finding a denial of Young's right to counsel in connection therewith. See *Head v. Thomason*, 276 Ga. 434 (1) (578 SE2d 426) (2003) (clearly erroneous standard of review for habeas court's factual findings). In addition, even if Young had been unrepresented, he had no right to counsel in pursuing an extraordinary motion for new trial in any event. See *Davis v. State*, 274 Ga. 865, 866 (561 SE2d 119) (2002) (extraordinary motion for new trial not available remedy for one who pleads guilty); *Fortson v. State*, 272 Ga. 457 (1) (532 SE2d 102) (2000) (right to counsel attaches only at critical stages of prosecution). The habeas court thus erred in granting relief on this basis.

2. In contrast to the extraordinary motion for new trial, it is undisputed that Young was not represented by counsel in his appeal of the denial of his motion to withdraw. We have held that one who has pled guilty is constitutionally entitled to the assistance of counsel to pursue a motion to withdraw his plea. *Fortson*, supra, 272 Ga. at 459 (1). See also *Carter v. Johnson*, 278 Ga. 202 (2) (599 SE2d 170) (2004) (defendant has right to appeal denial of motion to withdraw). Therefore, Young was entitled to counsel in his appeal from the denial of his motion to withdraw. However, this issue was never asserted by Young as a ground for habeas relief, and, as a result, the record lacks sufficient evidence to determine whether Young was actually indigent at the time of appeal such that he was entitled to the appointment of counsel.

"A [habeas] petition . . . shall . . . clearly set forth the respects in which the petitioner's rights were violated." OCGA § 9-14-44. "All grounds for relief claimed by a [habeas] petitioner . . . shall be raised . . . in his original or amended petition." OCGA § 9-14-51. See also *Nelson v. Zant*, 261 Ga. 358 (2) (405 SE2d 250) (1991) (amendments to habeas petition permitted up until time of habeas hearing). Here, neither Young's initial pro se habeas petition nor the restated petition filed by habeas counsel asserts the denial of Young's right to counsel on appeal as a basis for relief.[2] Therefore, the issue was not properly raised as required under OCGA §§ 9-14-44 and 9-14-51, and

---

[2] The only context in which Young referenced the issue was in arguing, in his brief in support of the restated habeas petition, that any procedural default as to his underlying claims should be excused due to his lack of counsel on appeal.

the habeas court accordingly erred by granting relief on this issue.

Young's failure to properly raise the issue not only provides a sufficient basis in itself to reverse the grant of habeas relief but also contributes to the other reason habeas relief is inappropriate in this case, namely, Young's failure to establish that he was indigent at the time of his appeal and thus entitled to have counsel appointed to represent him. The record reflects that Young (1) had a public defender when he entered his plea in June 1999; (2) was able to retain counsel for his motion to withdraw the plea in July 1999; and (3) had counsel, who may have been retained or appointed, on his extraordinary motion for new trial in April 2001. Young's appeal was not ripe until the issuance of the July 23, 2001 order denying the motion to withdraw, and there is simply no evidence in the record as to Young's ability to retain counsel for his appeal at that time or as to why the attorney who represented him on the extraordinary motion for new trial did not continue to represent him in his appeal. Had Young's habeas counsel properly raised the denial of counsel as an independent ground for habeas relief, the evidence on these matters could have been presented and may well have established a basis to find that Young was entitled to have counsel appointed to pursue his appeal. Because there was insufficient evidence to make such a finding, however, the habeas court clearly erred in granting relief on this issue. See *Head*, supra, 276 Ga. at 436 (1).

Accordingly, the habeas court erred in granting the writ of habeas corpus.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 23, 2009.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellant.

*McNeill Stokes*, for appellee.