S09A0973. WILLIAMS v. HALL.
(687 SE2d 414)

CARLEY, Presiding Justice.

In 2006, Karl Hall pled guilty to aggravated battery, two counts of burglary and two counts of forgery in the first degree. He was sentenced to serve 15 years in confinement and 15 years on probation. In 2008, Hall filed a habeas corpus petition, claiming that the indictment was faulty, that his plea was not knowing and voluntary, that the amount of restitution and costs was altered after he signed the final disposition, and that his trial counsel was ineffective in failing to move to suppress evidence and in leading him to believe that his entire sentence would be probated. An evidentiary hearing was held, and more than two months later, the habeas court entered an order granting the habeas petition on the ground that Hall was denied effective assistance of counsel because "counsel's pretrial

investigation of [the] case was seriously lacking . . . [and] deprived [Hall] of a true adversarial process." The habeas court expressly declined to rule on any other ground. The Warden appeals.

"A (habeas) petition . . . shall . . . clearly set forth the respects in which the petitioner's rights were violated." OCGA § 9-14-44. "All grounds for relief claimed by a (habeas) petitioner . . . shall be raised . . . in his original or amended petition." OCGA § 9-14-51.

*Murrell v. Young*, 285 Ga. 182, 183 (2) (674 SE2d 890) (2009). Here, trial counsel's purportedly deficient investigation was not raised as a ground for relief either in the petition or at the habeas hearing. Although Hall claimed ineffective assistance of counsel in his petition, that claim was not based on an allegation that the investigation was inadequate, but dealt only with the aforementioned grounds that a motion to suppress should have been filed and that counsel misled Hall as to the sentence.

At the habeas hearing, the only reference to the investigation came when counsel briefly testified, in response to a question by the State's attorney, that he received and reviewed all the State's evidence pursuant to reciprocal discovery, that he spoke with the district attorney about the case, and that he discussed the case with Hall on several occasions. Hall, however, did not further question counsel about the investigation or argue that it was deficient. Thus, contrary to the dissent's claim that "a thorough record was made as to what trial counsel did and did not do [to prepare] for appellee's case," it is apparent that neither the Warden nor Hall made any such thorough record about the pretrial investigation. Of course, the reason no such record or argument was made regarding the adequacy of the investigation is because it was not set forth as a ground for relief in the habeas petition.

"Although we do not doubt the authority of a habeas court to consider . . . matters sua sponte, we believe the parties must be given an opportunity to address them in a meaningful way." *King v. Hawkins*, 265 Ga. 93, 94 (454 SE2d 135) (1995). Because the adequacy of counsel's pretrial investigation was not raised in the petition or at the hearing, and instead appeared in the case for the first time in the habeas court's final order, the Warden is correct in asserting that he was denied the opportunity to address the matter in a meaningful way. Compare *Walker v. Penn*, 271 Ga. 609, 610, fn. 3 (523 SE2d 325) (1999) (warden did not complain that he was denied an opportunity to respond to habeas court's sua sponte consideration of matter not raised by petitioner). Since "the issue was not properly raised as required under OCGA §§ 9-14-44 and

9-14-51, . . . the habeas court accordingly erred by granting relief on this issue." *Murrell v. Young*, supra at 183-184 (2). We therefore reverse the improper grant of habeas relief and remand the case to the habeas court for consideration of Hall's unresolved claims.

*Judgment reversed and case remanded with direction. All the Justices concur, except Hunstein, C. J., and Benham, J., who dissent.*

BENHAM, Justice, dissenting.

I respectfully disagree with the majority's conclusion that the habeas court's judgment was erroneous because the pro se appellee did not raise in his habeas petition that he was denied effective assistance of counsel specifically because of counsel's lack of pre-trial investigation.

Appellee filed his habeas petition pro se on a form provided by the Administrative Office of the Courts. In his second enumerated error, appellee alleged ineffective assistance of counsel and stated as follows:

> Counsel never suppressed evidence on my behalf. Also, he made me think if I pleaded guilty I would receive probation[.] Bar was contacted about said matter. Not long after sentencing date, he was disbarred from the public defenders['] office due to his insufficiency [sic].

In his brief in support of his petition for habeas relief, appellee also complained that trial counsel did not investigate the role of an alleged accomplice to the crime. At the beginning of the habeas hearing, appellee asserted another allegation in support of his ineffective assistance claim, opining that "the lawyer withheld evidence that [appellee] gave testimony to [a] psychiatrist. . . ."

Trial counsel testified at the habeas hearing. In regard to the work trial counsel performed on appellee's case, the State elicited the following testimony: that trial counsel did not interview the victim; that he looked at a copy of the State's file and spoke to the district attorney; that he spoke a few times to appellee at the jail; that trial counsel could not think of "any real good defense" for appellee; that he advised appellee that his only available options, other than a negotiated plea, were to go to trial on the chance the State would make a technical mistake that could be appealed, or enter a blind plea to the judge; and that trial counsel "went back and forth several times" asking the district attorney to grant appellee probation. On cross-examination, appellee specifically asked trial counsel whether he gathered certain information independently of what he was told by or obtained from the district attorney and trial counsel responded in the negative. The State did not present any argument and did not

provide the plea hearing transcript to the habeas court. On this record, the habeas court determined appellee had constructively been denied counsel.

"A habeas court's determination on a claim of ineffective assistance of counsel is to be affirmed unless the reviewing court concludes the habeas court's factual findings are clearly erroneous or are legally insufficient to show ineffective assistance of counsel." *Head v. Thomason*, 276 Ga. 434 (1) (578 SE2d 426) (2003). A habeas court may also make rulings sua sponte if the parties are allowed to address the issue at hand in a "meaningful way." *King v. Hawkins*, 265 Ga. 93 (454 SE2d 135) (1995). The record reveals appellee raised a concern about trial counsel's investigation of his case. During the habeas hearing, a thorough record was made as to what trial counsel did and did not do in regard to preparing for appellee's case. Many of the relevant facts were elicited on direct examination by the State. Trial counsel admitted he did not talk to the victim, conducted no independent investigation of the information provided by the district attorney, and made no effort to theorize a defense for appellee, but acted simply as a conduit for a negotiated plea. "A habeas court's factual findings cannot be found to be clearly erroneous, if there is evidence in the record to support such findings." *Tillman v. Gee*, 284 Ga. 416, 419 (667 SE2d 600) (2008). See also *Upton v. Johnson*, 282 Ga. 600, 602 (652 SE2d 516) (2007). Here, the undisputed facts support the legal conclusion that counsel was ineffective and appellee prejudiced thereby, pretermitting whether there was a constructive denial of counsel. See *Heyward v. Humphrey*, 277 Ga. 565 (592 SE2d 660) (2004). Accordingly, I would affirm the judgment of the habeas court. *Head v. Thomason*, 276 Ga. 434, supra.

I am authorized to state that Chief Justice Hunstein joins in this dissent.

DECIDED NOVEMBER 2, 2009 —
RECONSIDERATION DENIED DECEMBER 15, 2009.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellant.

*Sarah L. Gerwig-Moore, Sell & Melton, Brian P. Adams, William A. Bonner III*, for appellee.