S04A0289. SMITH v. WILLIAMS.
(596 SE2d 112)

FLETCHER, Chief Justice.

Dexter Smith filed a habeas petition seeking to withdraw a 1998 guilty plea, which he contends was given after he received ineffective assistance of counsel. The petition was denied, and we granted Smith's application for a certificate of probable cause to appeal. Counsel admitted making an affirmative misrepresentation to Smith regarding his parole eligibility, which Smith contends induced his guilty plea. We hold that counsel was deficient for making this misrepresentation, and remand to the habeas court for appropriate findings and conclusions regarding Smith's claim of prejudice.

On November 19, 1997, Smith was indicted for first degree vehicular homicide, violation of Georgia's controlled substances act, two counts of driving under the influence, and possession of a firearm during the commission of a felony in connection with an accident that killed an elderly passenger in another car. On April 2, 1998, after being advised by his attorney that he would be eligible for parole after serving five years, Smith pled guilty to first degree vehicular homicide, violation of the controlled substances act for possession of methamphetamines, and one count of driving under the influence. The State nol-prossed the remaining charges. Smith was sentenced to fifteen years for the vehicular homicide, a concurrent fifteen years for methamphetamine possession, and a concurrent twelve months for the DUI conviction.

Smith's attorney informed him that under OCGA § 42-9-45 (f) he would be eligible for parole after serving five years of his fifteen year sentence. At the habeas hearings, Smith's attorney readily admitted that she was unaware of Georgia's new parole board guidelines, effective for convictions entered on or after January 1, 1998, that required Smith to serve 90% of his sentence for the vehicular homicide. The habeas court denied relief after finding that counsel was under no duty to advise Smith as to his parole eligibility, that counsel's advice was not erroneous since the Parole Board has the discretion to deviate from the 90% rule, and that Smith had not shown actual prejudice.

1. This Court has held that there is no constitutional requirement that a criminal defendant be informed of the collateral conse-

quences of a guilty plea.[1] We have recently distinguished, however, the failure to inform about those consequences from an affirmative misrepresentation about those consequences.[2] To prove ineffective assistance of counsel in connection with a guilty plea under *Hill v. Lockhart*,[3] a defendant must prove that his counsel was deficient, and that absent the deficiency, there is a reasonable probability that he would have proceeded to trial rather than pleading guilty.[4]

Deficiency is found where counsel's performance falls outside the range of competence for attorneys in criminal cases.[5] We find that counsel was incorrect in her advice regarding Smith's parole eligibility. Because Smith's conviction was entered after January 1, 1998, the effective date of the 90% rule, he was subject to its provisions, and thus would not be eligible for parole until he had served thirteen and a half years of his fifteen year sentence. The State argues that counsel's advice was not incorrect because the 90% rule is a guideline from which the State may deviate. But even if this rule is only a guideline, counsel's advice that Smith would be eligible for parole after five years, when the guidelines provide for service of thirteen and a half years, is so inaccurate that it falls outside the permitted range of competence.

The State also argues that counsel was not deficient because she conducted a diligent search and did not discover the new parole guidelines. However, evidence presented at Smith's habeas hearings revealed that the guidelines were reasonably available to criminal defense attorneys. They were disseminated to the public in press releases, to every superior court, to every district attorney, to the state bar, and to various defense bars. The Director of Legal Services for the State Board of Pardons and Paroles testified at Smith's habeas hearings that the 90% rule was adopted in the form of a resolution, as opposed to merely an internal guideline, to make the public aware of the change in policy. Therefore, Smith's attorney was deficient in not discovering the 90% rule and consequently misinforming Smith about his parole eligibility.

2. The habeas court found that Smith had not shown prejudice and therefore failed to satisfy the second prong of the *Hill* test. The court's order, however, does not provide the factual findings upon which this conclusion is based, thereby prohibiting appellate review. Accordingly, we remand to the habeas court for appropriate factual findings and legal conclusions on the issue of prejudice.

---

[1] *Williams v. Duffy*, 270 Ga. 580 (513 SE2d 212) (1999).

[2] *Rollins v. State*, 277 Ga. 488 (591 SE2d 796) (2004).

[3] 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985).

[4] Id. at 58-59.

[5] *Rollins*, 277 Ga. at 491.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED APRIL 27, 2004.

*Hogue & Hogue, Laura D. Hogue*, for appellant.
*Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.