A09A0274. JOHNSON v. THE STATE.

(679 SE2d 763)

BARNES, Judge.

Eddie Terrell Johnson appeals the trial court's denial of his motion to withdraw his plea of guilty to voluntary manslaughter, arguing that his counsel was ineffective and that allowing the plea to stand would constitute a manifest injustice. For the reasons that follow, we affirm.

When a defendant challenges the validity of his guilty plea, the State bears the burden of showing through use of a transcript of the plea hearing or of extrinsic evidence that the defendant intelligently and voluntarily entered the plea, understanding both the charges against him and the consequences of his plea. Price v. State, 280 Ga. App. 869 (635 SE2d 236) (2006). We review the trial court's ruling on whether the plea was voluntary for abuse of discretion. Beck v. State, 222 Ga. App. 168, 169 (473 SE2d 263) (1996).

In this case, Johnson, who was 16 at the time of the offenses, was indicted for felony murder, aggravated assault, and three weapons offenses. The charges arose from an incident in which Johnson shot and killed a man with whom he had been fighting. He entered into a non-negotiated plea on the sentence with the prosecutor, who nolle prossed the aggravated assault, and agreed to allow Johnson to plead guilty to voluntary manslaughter and the three weapons charges. At the plea hearing, Johnson acknowledged he was represented by counsel, with whom he had a full opportunity to discuss the case and was satisfied with his service. The trial court ascertained Johnson was not under the influence of mind-altering substances, had not been threatened or forced to plead guilty, had not been promised leniency, and understood he had the right to plead guilty, not guilty, or stand silent.

The trial court then reviewed the rights Johnson was waiving by pleading guilty, including his right to require the State to prove his guilt beyond a reasonable doubt; to cross-examine the State's witnesses; to subpoena his own witnesses; to testify or remain silent; to assistance of counsel and appointment of counsel if need be; ensured

Johnson understood he would be waiving those rights by pleading guilty; and stated Johnson could be sentenced to a maximum of life plus 27 years. The trial court read the indictment and verified that Johnson understood each charge, and Johnson pled guilty to each of the four counts. After he entered his plea, Johnson confirmed that he knew he was subject to a maximum possible sentence of life plus 27 years, and the State described the factual basis for the charges. The guilty plea form in the record, signed by Johnson, his attorney, the prosecutor, and the trial court, included a printed line stating "I understand that the maximum possible sentence is" and handwritten in the following blank is "life + 27 years."

The trial court agreed to Johnson's request for a separate hearing before pronouncing sentence, which was conducted ten days later. The State presented evidence in aggravation and Johnson presented evidence in mitigation, and during argument the trial court reminded the parties that this was a nonnegotiated plea and the court was not bound by any agreement as to a sentence, but could impose anything within the statutory limits.

At that point it became apparent that defense counsel had misunderstood the terms of the plea agreement with the prosecutor. Counsel argued that the State had agreed to cap the sentence at ten years and allow him to try to obtain a lighter sentence from the court. The State responded that it had agreed to recommend a ten-year sentence but had never promised and was not authorized to cap the sentence because this was a nonnegotiated or blind plea. The trial court stated that the case had been announced ready for trial at the calendar call, and the court made it clear then that that was the last date upon which the court would accept negotiated guilty pleas. The case was then set for trial and when Johnson thereafter indicated he wanted to plead guilty "it was clear [to the court] that it was a non-negotiated plea as far as the sentence."

Defense counsel admitted that he had not told Johnson that the court could sentence him to the maximum time allowed, and in light of this misunderstanding, the court allowed him to confer with Johnson. Counsel's discussion with Johnson is not, of course, on the record, but the record reflects that after a pause in the proceedings, the trial court asked defense counsel if he wished to continue with his mitigation argument. Counsel responded affirmatively and finished his argument requesting leniency for Johnson who was only 16 when this incident occurred and who exercised quick judgment in a situation where he felt threatened by a much bigger man.

In pronouncing sentence, the trial court noted that Johnson had pled guilty to voluntary manslaughter, which by definition was the intentional taking of another person's life, reduced from felony murder because there had been some mutual combat between victim

and defendant earlier that evening. But the fight had ended, and "[t]here was no reason for a gun to be brought into the fray." The court then sentenced Johnson to 25 years, 15 in prison and the balance on probation. Defense counsel noted for the record that when Johnson entered his plea,

> there was a negotiation between me and the State where he would have a cap of 10 years and it became apparent to me today that . . . the Court was not bound by that. I understand that, I did counsel my client about that. He's 17 years old, he followed my advice to proceed with the sentencing.

Counsel also indicated that he had discussed the issue with Johnson's mother. The trial court noted that Johnson had an opportunity to withdraw his plea that day "if he desired to do so and, of course, made the decision not to do so."

Johnson moved to withdraw his guilty plea to voluntary manslaughter, arguing he "was ordered to prison for fifteen years despite the State's intimation that it would recommend a ten year cap on the sentence." New counsel amended the motion, arguing Johnson's attorney was ineffective because he told Johnson he could not receive more than a ten-year sentence on his plea, and because despite knowing Johnson had a viable self-defense claim the attorney "persuaded [him] to take a plea deal by providing misleading information to [him] when he knew [he] was adamant about going to a jury trial." Johnson also asserted that his former attorney was not prepared for trial and misled him because he had not paid him enough to cover a jury trial.

At a hearing on the motion to withdraw the plea, Johnson testified that he told his former lawyer he wanted to go to trial but was advised he should plead guilty based on his understanding he would get a maximum of twenty years to serve ten in confinement. After he understood he could be sentenced to more time, his lawyer told him he would probably serve the same amount of time in jail whether he was sentenced to ten years or fifteen years. When asked if that was why he agreed to continue with his plea, Johnson replied, "Yes, I basically seen I did not have no help really [sic] and I really did not want a life sentence." He denied that his attorney explained the constitutional rights he was giving up by pleading guilty or told him he could withdraw his plea before sentence was pronounced, and asserted he had wanted to withdraw his plea and go to trial. Johnson recalled that his former attorney explained his choice as having $20,000 under one rock that would always be there, or $1 million under another rock that might or might not be there, and the smart thing would be to take the $20,000; in other words, his lawyer

advised him to plead guilty and not risk being sentenced to life after a trial.

The trial court noted that Johnson said under oath at his plea hearing that he had a full opportunity to discuss his case with his lawyer, and was given a full opportunity to be sure they wanted to plead guilty instead of going to trial. "And the term I use is buyer's remorse, the fact that he now wishes to change his mind in and of itself is not going to be sufficient to go back and reassemble everyone to give him his day in court when he has already had his day in court." In its written order the court reviewed the plea hearing transcript and denied the motion to withdraw, concluding that Johnson had knowingly and voluntarily entered his plea of guilty.

1. A defendant who waives his right to trial and enters a guilty plea is entitled to effective legal assistance, and to establish ineffectiveness must establish both that his counsel erred and "'the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (Citation omitted.) *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999). Johnson contends his trial counsel's performance was deficient because he said Johnson would not be sentenced to serve more than ten years in confinement and failed to advise Johnson of his right to withdraw his guilty plea before sentence was pronounced. While Johnson's trial counsel apparently assumed at one point that the trial court would not sentence Johnson to serve more time than the State recommended, Johnson testified at the plea hearing that he understood the judge could sentence him to life plus 27 years, and the maximum sentence is handwritten on the plea waiver form signed by him, his lawyer, the prosecutor, and the judge. At the sentencing hearing, after counsel's misapprehension became clear, the trial court gave him time to consult with Johnson and his mother about whether to continue with the hearing or not, and Johnson chose to continue. Finally, in the hearing on the motion to withdraw, Johnson admitted that he went forward with the plea because he did not want to be sentenced to life in prison. "[T]hese contradictions created credibility issues, which only the trial court could resolve," (footnote omitted) *Brown v. State*, 280 Ga. App. 767, 771-772 (1) (634 SE2d 875) (2006), and pretermitting whether counsel's performance was deficient, Johnson failed to establish a reasonable probability that he would have insisted on a trial if he had always known he could be sentenced to serve fifteen years in confinement instead of ten. See also *Brantley v. State*, 290 Ga. App. 764, 766 (660 SE2d 846) (2008). We note that, if Johnson had gone to trial, he would have done so on the charge of felony murder, not voluntary manslaughter. We find no abuse of discretion in the trial court's denial of his motion to withdraw the guilty plea.

2. Johnson also argues that the trial court's denial of the motion to withdraw must be reversed to correct a "manifest injustice." Allowing a guilty plea to stand would constitute a manifest injustice if, for example, counsel was ineffective, which we addressed in Division 1. Withdrawal is also necessary to correct a manifest injustice if, for example, the plea was entered involuntarily or without understanding the nature of the charges. *Brown v. State*, supra, 280 Ga. App. at 772 (2). In this case, however, the record establishes that the trial court thoroughly ascertained on the record that Johnson's plea was voluntary and knowing at the plea hearing, and also considered additional testimony at the hearing on the motion to withdraw before concluding that Johnson entered his plea freely and voluntarily. The trial court did not abuse its discretion in making this finding. Id. at 773.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 3, 2009.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Denise D. Fachini, District Attorney, Deshala D. Bray, Assistant District Attorney*, for appellee.