## S10A1711. CROWDER v. THE STATE.
(707 SE2d 78)

BENHAM, Justice.

Following the shooting death of his estranged wife on January 16, 2008, appellant Darrell Anthony Crowder was indicted on 17 separate counts relating to the crime, including charges of malice murder, felony murder, burglary, aggravated assault, possession of a firearm, and cruelty to children. Prior to jury selection, Crowder pled guilty to one count of malice murder and one count of possession of a firearm and, based on that plea, the trial court sentenced him to life in prison plus five years. A nolle prosequi was entered as to the remaining counts. The plea hearing transcript reflects that appellant entered the plea in accordance with *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

Shortly after being sentenced, appellant moved to withdraw his guilty plea based on ineffective assistance of counsel, alleging his trial counsel misinformed him about his eligibility for parole. Specifically, appellant contends that his trial attorney told him he was unaffected by the newly amended OCGA § 17-10-6.1 (c) (1) and that he would not have to serve a full 30 years before being eligible for parole. Appellant later learned his life sentence for murder required that he serve a mandatory minimum of 30 years before he could be eligible for parole. Appellant contends had he known he would be required to serve 30 years before being eligible for parole, he would not have pled guilty and would have insisted on going to trial. The trial court denied appellant's motion to withdraw his guilty plea, finding that counsel had not been deficient and that appellant had suffered no prejudice. This appeal ensued.

There is no constitutional requirement that a defendant be informed of his parole eligibility prior to entering a guilty plea for a guilty plea to be voluntary. *Hill v. Lockhart*, 474 U. S. 52, 56 (106 SC 366, 88 LE2d 203) (1985); *Smith v. Williams*, 277 Ga. 778 (1) (596 SE2d 112) (2004). Should, however, counsel make an affirmative misrepresentation about the collateral consequences of a plea, such as parole eligibility, the misrepresentation may form the basis of an ineffective assistance of counsel claim. *Smith v. Williams*, supra, 277 Ga. 778 (1); *Rollins v. State*, 277 Ga. 488 (1) (591 SE2d 796) (2004). When pursuing such a claim, the defendant has the burden to show counsel was deficient and there is a reasonable probability that, but for counsel's error, he would have insisted on proceeding to trial rather than pleading guilty. *Hill v. Lockhart*, supra, 474 U. S. at 58-59; *Rollins v. State*, supra, 277 Ga. at 492; *State v. Heath*, 277 Ga. 337 (588 SE2d 738) (2003).

At the time appellant committed the crimes of which he was accused, Georgia law required defendants to serve 30 years before

they could be considered for parole.[1] Here, counsel did not accurately state the law when he advised appellant that appellant would serve "probably 20 years or in excess of 20 years" and was not subject to serve a minimum of 30 years before he could be considered for parole eligibility. Thus, contrary to the trial court's conclusion, counsel was deficient in that regard. See *Smith v. Williams*, supra, 277 Ga. at 779.

When considering whether appellant had been prejudiced, the trial court found appellant was not credible because at his guilty plea hearing he did not mention the issue of parole eligibility. The fact that appellant stated that he "knew all of his rights" prior to entering his plea is an irrelevant basis to discredit appellant because, at the time, appellant had not in fact been correctly advised of his parole eligibility or its effect on his plea. Therefore, the trial court erred when it found appellant had failed to establish prejudice on this basis.

Because counsel was in fact deficient and the trial court erred when it found no prejudice existed based on a faulty credibility determination, the matter must be remanded for the trial court to determine whether the deficiency was prejudicial, i.e., whether but for counsel's error, appellant would have insisted on going to trial rather than entering a plea of guilty. See *Johnson v. Roberts*, 287 Ga. 112 (694 SE2d 661) (2010) (where counsel was deficient for affirmatively misinforming the defendant regarding his parole eligibility, remand to habeas court in order to resolve issue of prejudice was required). More specifically, the trial court must determine whether appellant would have insisted upon going to trial had he been properly informed of his parole eligibility. The trial court must conduct its prejudice analysis and weigh the credibility of witnesses in light of OCGA § 17-10-6.1 (c), supra, n. 1.[2]

*Judgment vacated and case remanded with direction. All the Justices concur.*

---

[1] The crime was committed in January 2008. At that time, OCGA § 17-10-6.1 (c) (1) (2007) provided as follows:

> Except as otherwise provided in subsection (c) of Code Section 42-9-39, for a first conviction of a serious violent felony in which the defendant has been sentenced to life imprisonment, that person shall not be eligible for any form of parole or early release administered by the State Board of Pardons and Paroles until that person has served a minimum of 30 years in prison. The minimum term of imprisonment shall not be reduced by any earned time, early release, work release, leave, or other sentence-reducing measures under programs administered by the Department of Corrections.

New amendments to the statute did become effective in July 2009, but subsection (c) (1) was unaffected.

[2] The trial court should also pay special attention to the letter from the State Board of Pardons and Paroles, submitted by appellant at the motion to withdraw hearing, stating "[i]mposing a sentence for a term of years consecutive to a life sentence [for a serious violent felony conviction like murder] will not affect the time at which the offender becomes parole eligible; the offender will still be eligible for parole after serving 30 years in prison."

DECIDED MARCH 7, 2011.

*Jennifer F. Arndt*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Melanie M. Bell, Layla H. Zon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.