## S11A1411. COX v. HOWERTON.
(723 SE2d 891)

BENHAM, Justice.

This appeal returns to us following our grant in 2010 of appellant Holly Cox's pro se application for a certificate of probable cause and our remand of the case to the habeas court with direction "to analyze and make appropriate findings and legal conclusions regarding the prejudice prong of the test for ineffective assistance of counsel." See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). On remand, the habeas court concluded that Cox did not satisfy the prejudice prong and denied relief. We again granted Cox's pro se application for a certificate of probable cause, and examine the habeas court's rationale for concluding that Cox did not establish the requisite prejudice to authorize relief.

Cox entered guilty pleas in 1998 in Mitchell County to charges of aggravated child molestation, child molestation, and incest, for which she was sentenced to serve consecutively terms of 30 years and of 20 years, and to serve concurrently a term of ten years. She entered her guilty pleas after having been informed by trial counsel and the trial court that she would be eligible for parole after serving ten years. In point of fact, the General Assembly had designated aggravated child molestation as a serious violent felony and statutorily required that "[a]ny sentence imposed for the first conviction of any serious violent felony . . . shall be served in its entirety as imposed by the sentencing court and shall not be reduced by any form of parole or early release. . . ." Ga. L. 1994, p. 1959, § 1; Ga. L. 1998, p. 180, § 2 (former OCGA § 17-10-6.1 (c) (3)). Because the trial court imposed the maximum sentence of thirty years for the aggravated child molestation conviction, under former OCGA § 17-10-6.1 (c) (3), Cox was required to serve 30 years before being eligible for parole.

In July 2008, having been imprisoned for ten years, Cox filed an application for a writ of habeas corpus, alleging, among other things, that trial counsel had rendered ineffective assistance of counsel by affirmatively misrepresenting her eligibility for parole in discussions with her that preceded her entry of the guilty pleas. The habeas court denied relief, and we granted Cox's application for a certificate of probable cause in January 2010, ruling that the habeas court had erred in finding that Cox's attorney had not performed deficiently when he affirmatively misrepresented to Cox that she would be

eligible for parole when she was not. See former OCGA § 17-10-6.1 (c) (3) (now (c) (4)); *Crowder v. State*, 288 Ga. 739 (707 SE2d 78) (2011); *Smith v. Williams*, 277 Ga. 778 (596 SE2d 112) (2004). We remanded Cox's case to the habeas court for consideration of the prejudice prong of the test for ineffective assistance of counsel and, on remand, the habeas court denied relief, finding "there is insufficient evidence to undermine confidence in the outcome and there is not, therefore, a reasonable probability within the meaning of applicable law that [Cox] would have pleaded differently [had she received accurate advice as to her parole eligibility]." It is this ruling we now review. "Deference is given to the [habeas] court's factual findings as to a claim of ineffective assistance of counsel and will be upheld on appeal unless clearly erroneous; the [habeas] court's legal conclusions, however, are reviewed de novo." *Rakestrau v. State*, 278 Ga. 872 (2) (608 SE2d 216) (2005).

A defendant entering a guilty plea is entitled to the effective assistance of competent counsel. *McMann v. Richardson*, 397 U. S. 759, 790 (90 SC 1441, 25 LE2d 763) (1970). A defendant who contends she was not provided the effective assistance of counsel must establish that counsel's conduct was outside the wide range of reasonable professional assistance and "that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, supra, 466 U. S. at 694. The *Strickland* standards are applicable where a defendant complains of ineffective assistance of counsel in the entering of a guilty plea (*Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985)), and the focus of the prejudice prong under such circumstances is

> whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.

Id. at 59. Furthermore, a petitioner must set out "special circumstances that might support the conclusion that [s]he placed particular emphasis on [her] parole eligibility in deciding whether or not to plead guilty." Id. at 60. A court making a *Strickland/Hill* prejudice inquiry must examine what the defendant would have done at the guilty plea hearing had she been given the correct information. *Davis v. Murrell*, 279 Ga. 584, 586 (619 SE2d 662) (2005).

At the hearing before the habeas court, Cox testified that had she known she would have to serve thirty years before becoming

eligible for consideration of parole, she would have gone to trial. The habeas court acknowledged that Cox's concern with her parole eligibility was reflected in the plea transcript — in the specific advice trial counsel gave her and the detailed discussion of parole eligibility in the plea colloquy — but found that Cox did not place "particular emphasis" on parole concerns and that there was no "special circumstance," i.e., no fact peculiar to Cox or her case that caused her to place particular emphasis on parole eligibility. The habeas court also determined there was overwhelming evidence of Cox's guilt of aggravated child molestation and opined that Cox's defense of diminished culpability as a result of coercion by her husband/co-defendant "almost certainly would have been to no avail." The habeas court ruled that Cox assumed the risk of receiving a sentence of extended duration when she entered a guilty plea without an agreement of a sentence to be recommended by the State.

There being evidence to support the factual findings made by the habeas court and the legal conclusions drawn by the habeas court being sound, we affirm its determination that Cox failed to establish the prejudice prong of the *Strickland* test for ineffective assistance of counsel, and its judgment that Cox's petition for a writ of habeas corpus be denied.

*Judgment affirmed. All the Justices concur.*

MELTON, Justice, concurring.

While I concur in the majority's holding, I write separately to emphasize that, under the facts of this case, the trial court soundly concluded that there was no reasonable probability that Cox would not have pled guilty and insisted on going to trial. Cox was indicted for four counts of aggravated child molestation, two counts of incest, and twenty-three counts of sexual exploitation of children. These charges were based on allegations that Cox and her husband engaged in a variety of sex acts with Cox's two minor sons. Cox, in fact, confessed to a GBI agent that she had engaged in sexual intercourse and oral sex with both of her sons. Cox and her husband took photos of these acts, distributed them on the internet, and kept photo albums in their bedroom. Given Cox's confession to the acts forming the basis of the charges against her, the evidence clearly supports the trial court's conclusion that Cox would have ultimately pled guilty to the charges in spite of her counsel's error regarding her eligibility for parole.

I am authorized to state that Chief Justice Hunstein and Presiding Justice Carley join in this concurrence.

DECIDED MARCH 19, 2012.

Holly Cox, *pro se.*
*Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General,* for appellee.
*James C. Bonner, Jr., Sarah L. Gerwig-Moore,* amici curiae.