In the Supreme Court of Georgia

Decided:   June 20, 2016

S16A0152. WALKER v. THE STATE.

HINES, Presiding Justice.

Zerrick Walker appeals from the denial of his motion for new trial following his convictions for the malice murder of Ronaldo Lorenzo Hill and the crime of possession of a firearm during the commission of a felony.  For the reasons that follow, we affirm.

This is the second appearance of this case in this Court.  In *Walker v. State*, 292 Ga. 262 (737 SE2d 311) (2013), we found the evidence against Walker to be sufficient to convict him of malice murder and possession of a firearm during the commission of a felony, but vacated the trial court's denial of Walker's motion for new trial, and remanded the case to the trial court for further proceedings; upon remand, the trial court vacated its original order denying Walker's motion for new trial and entered a new order that denied the

motion, from which Walker now appeals. See id. at 264-265 (2).[1]

As noted in our prior decision, evidence presented at trial showed that Hill was shot by a man who entered the barbershop where Hill worked, spoke with him, walked back toward the door of the shop, turned and fired at Hill, and left the barbershop. Id. at 263 (1). The assailant fired a second shot at the barbershop from outside, and fled the scene in a waiting white Ford F150 pickup truck; another barber recognized the shooter as a customer whose hair Hill had cut recently, and at trial, this barber and a customer identified Walker as the shooter; another customer identified a photo of Walker taken on the day of the shooting as a photo of the shooter. Id. Additionally, a witness who was in the parking lot of the barbershop identified Walker as the man who exited the passenger side door of a pickup truck in the parking lot, entered the barbershop, left the barbershop shortly after the witness heard a gunshot, turned and fired a revolver into the barbershop, and re-entered the passenger side of the pickup truck, which drove away; the witness was able to supply emergency services personnel with

---

[1] In its first order on the motion for new trial, the trial court failed to address Walker's assertions under OCGA §§ 5-5-20 & 5-5-21 properly in its role as "the thirteenth juror," but went on to address Walker's claim of ineffective assistance of trial counsel; in this appeal, Walker raises no issue regarding the trial court's treatment of his assertions under OCGA §§ 5-5-20 & 5-5-21.

the license plate number of the pickup truck, which was stopped by law enforcement personnel shortly thereafter. Hill died seventeen days later.

In his sole enumeration of error in this appeal, Walker contends that the trial court erred in denying his motion for new trial on the ground of ineffective assistance of trial counsel, and asserts that counsel was ineffective in changing trial strategy from a claim that someone other than Walker shot Hill, to include an argument that whoever shot Hill was justified in doing so. In order to prevail on a claim of ineffective assistance of counsel, Walker must show both that counsel's performance was deficient, and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). To meet the first prong of the required test, he must overcome the "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct," and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. Id. at 784. To meet the second prong of the test, he must show that there is a reasonable

probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. Id. at 783. "'We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Pretermitting whether trial counsel's performance was deficient, Walker has failed to meet the prejudice prong of the *Strickland* test, and it is not necessary for us to examine the performance prong of the test. See *Smith v. State*, 298 Ga. 491, 494 (4) (783 SE2d 91) (2016). Even if we assume that counsel did not, in fact, consult with Walker before requesting that the trial court instruct the jury on the law of justification,[2]

> [i]n the context of a failure-to-consult claim such as that alleged here, the defendant must establish that his counsel's failure to consult was prejudicial to his defense, i.e., that there is a reasonable probability that, but for counsel's failure to consult, the result of [his trial] would have been different.

---

[2] During the hearing on the motion for new trial, trial counsel explained that, as multiple witnesses testified that Walker was the shooter, and there was evidence that another handgun was found near Hill, counsel decided to ask for the justification instruction so that he could argue to the jury that, although the witnesses may have misidentified Walker, whoever that person was, he was justified in shooting back into the barbershop in self-defense. Counsel described the situation as one "I had to deal with . . . whether or not I got [Walker's] approval [for the justification instruction, and] if he says I didn't discuss it with him, then I have no reason to disagree with that and I should have [discussed it with him]."

*Hendrix v. State*, 298 Ga. 60, 64 (2) (a) (779 SE2d 322) (2015) (Citation and punctuation omitted.) Thus, Walker must show that there is a reasonable probability that the result of his trial would have been different had counsel consulted with him and then not requested a jury instruction on justification, but pursued only the defense that Walker was not the person who shot and killed Hill. Id. However, the evidence against Walker included testimony of multiple witnesses who were present when Hill was killed and testified that Walker was the shooter, including some who were previously acquainted with Walker, and Walker fails to show that there is a reasonable probability that the outcome of his trial would have been different had counsel pursued only the defense that Walker was not the shooter. *Sanders v. State*, 290 Ga. 637, 641-642 (5) (723 SE2d 436) (2012).[3]

Judgments affirmed. All the Justices concur.

---

[3] Contrary to Walker's assertion, the trial court did not inform the jury that an affirmative defense is one which "admits the doing of the act." Compare *Williams v. State*, 297 Ga. 460, 463-464 (2) (fn. 2) (773 SE2d 460) (2015).