**THIRD DIVISION
ELLINGTON, P. J.,
ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 27, 2017**

# In the Court of Appeals of Georgia

A17A0315. ALEXANDER v. THE STATE.

RICKMAN, Judge.

This appeal stems from the denial of a motion to withdraw a guilty plea, and this is the second appearance of this case before this Court. In its first appearance, a direct appeal, Calvin Alexander challenged the lower court's denial of his motion to withdraw his plea of guilty to three counts of aggravated child molestation, three counts of child molestation, two counts of statutory rape, and two counts of enticing a child for indecent purposes.[1] See *Alexander v. State*, 328 Ga. App. 300 (761 SE2d

---

[1] In a non-negotiated guilty plea, Alexander was sentenced to thirty years, to serve fifteen, for each of the three aggravated child molestation counts; fifteen years to serve for each of the three child molestation counts; and fifteen years to serve for each of the two statutory rape counts. The two counts of enticing a child for indecent purposes merged into two of the aggravated child molestation counts. All of the sentences were ordered to run concurrently. The State entered an order of nolle prosequi as to a separate aggravated child molestation count and a separate count of

844) (2014). Alexander claimed that his plea counsel rendered ineffective assistance by failing to advise him that because he was sentenced as a recidivist, he would be ineligible for parole under the plea. Id. Relying upon *Williams v. Duffy*,[2] this Court affirmed the lower court's denial of Alexander's motion, and held that because parole ineligibility is a collateral consequence of a guilty plea, Alexander could not prove that his plea counsel performed deficiently by failing to discuss that consequence with him. Id. at 307.

On writ of certiorari, the Supreme Court of Georgia reversed and in doing so, overruled *Williams* and held that when it came to parole eligibility, "an attorney's failure to inform his or her client that he or she would be ineligible for parole as a recidivist for the entirety of a lengthy prison sentence is constitutionally deficient performance." *Alexander v. State*, 297 Ga. 59, 65 (772 SE2d 655) (2015). The Supreme Court remanded for the lower court to evaluate Alexander's motion under the two-prong test in *Strickland v. Washington*.[3] Id.

---

enticing a child for indent purposes.

[2] 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).

[3] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

On remand, the lower court again denied Alexander's motion to withdraw his guilty plea. No hearing was held. The court ruled that Alexander failed to show either deficient performance or harm under the *Strickland* test. It is from this ruling that Alexander now appeals. We affirm.

"In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo." (Punctuation and footnote omitted.) *Navarrette v. State*, 298 Ga. App. 637 (680 SE2d 649) (2009).

> [A] criminal defendant who seeks to withdraw his guilty plea due to ineffective assistance of counsel must meet the . . . two-part test of *Strickland v. Washington* — deficient performance and prejudice. Specifically, a defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Punctuation and footnotes omitted.) *Hall v. State*, 313 Ga. App. 670, 672 (2) (722 SE2d 392) (2012).

"Pretermitting whether trial counsel's performance was deficient, [Alexander] has failed to meet the prejudice prong of the *Strickland* test, and it is not necessary for us to examine the [deficient] performance prong of the test." (Citation omitted.) *Walker v. State*, 299 Ga. 250, 251 (787 SE2d 718) (2016). To satisfy the prejudice prong, Alexander was required to

> set out special circumstances that might support the conclusion that [he] placed particular emphasis on [his] parole eligibility in deciding whether or not to plead guilty. A court making a *Strickland/Hill*[4] prejudice inquiry must examine what the defendant would have done at the guilty plea hearing had [he] been given the correct information.

(Citations and punctuation omitted.) *Cox v. Howerton*, 290 Ga. 693, 694 (723 SE2d 891) (2012).

At the pre-remand hearing on Alexander's motion to withdraw his guilty plea, Alexander testified that had he known that he would not have been eligible for parole, he would not have pled guilty. The lower court, however, was entitled, as it did, to discredit Alexander's testimony at the motion to withdraw hearing that he would not

---

[4] In *Hill v. Lockhart*, 474 U. S. 52, 58 (106 SCt 366, 88 LE2d 203) (1985), the United States Supreme Court held that the "two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."

4

have entered a plea if he had known he would not have been eligible for parole. See *Gomez v. State*, 300 Ga. 571, 573 (797 SE2d 478) (2017). The court determined that Alexander did not place any "particular emphasis" on his parole eligibility and that there were no "special circumstances" that caused him to place particular emphasis on parole eligibility.[5] The lower court summarized proffered evidence of Alexander's guilt of the charged crimes;[6] found that Alexander strongly believed that he would be convicted at trial; and found that the maximum sentence[7] Alexander could have

---

[5] Compare *State v. Patel*, 280 Ga. 181 (626 SE2d 121) (2006); *Rollins v. State*, 277 Ga. 488 (591 SE2d 796) (2004).

[6] The charges were based on allegations that Alexander engaged in various sexual acts with the daughter of a man with whom Alexander lived, and with two of the daughter's friends. All three girls were under the age of sixteen. The sexual acts included, among other things, Alexander inserting his penis in the mouths of all three girls, and engaging in sexual intercourse with two of the girls. The baby-sitter walked in on Alexander engaging in sexual intercourse with one of the girls. Additionally, there may have been forensic evidence connecting Alexander to the charges.

[7] At the time they were committed (prior to July 2006), each count of aggravated child molestation carried a maximum sentence of thirty years; each count of child molestation carried a maximum sentence of twenty years; and each count of statutory rape carried a maximum sentence of twenty years. See OCGA §§ 16-6-4 (d) (2006) (aggravated child molestation, punishable by 10 to 30 years; 16-6-4 (b) (child molestation, punishable by 5 to 20 years); and 16-6-3 (b) (statutory rape, punishable by 1 to 20 years). Although each count of enticing a child for indecent purposes carried a maximum sentence of 20 years, even after guilty verdicts at trial, those counts would merge with the aggravated child molestation counts and no sentence would have been entered on those counts. The maximum sentence Alexander could

received after a trial compared to the "more lenient sentence following a plea" weighed against his claim that he would have gone to trial had he known he would have been ineligible for parole. Notably, by entering a non-negotiated guilty plea, Alexander "assumed the risk of receiving a sentence of extended duration." *Cox*, 290 Ga. at 695.

The record supports the lower court's factual findings and determinations, and under the circumstances of this case, we cannot say that the lower court's conclusion that Alexander did not meet his burden of showing prejudice under the *Strickland v. Washington* test was in error. "Accordingly, the trial court did not err when it denied [Alexander's] motion to withdraw his guilty plea on the grounds plea counsel was ineffective." *Gomez*, 300 Ga. at 574; see generally *Cox*, 290 Ga. at 695.

*Judgment affirmed. Ellington, P. J., and Andrews, J., concur.*

---

have received after a trial was 190 years to serve in incarceration.