**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 25, 2018**

# In the Court of Appeals of Georgia

A18A1077. EVELYN v. THE STATE.

RICKMAN, Judge.

After being indicted for kidnapping with bodily injury, Lance Evelyn entered a negotiated guilty plea to kidnapping. The trial court accepted the plea, and Evelyn was sentenced to 15 years, with the first 10 years to be served in confinement. Evelyn subsequently moved to withdraw his guilty plea on the basis of ineffective assistance of counsel. Following a hearing, the trial court denied Evelyn's motion. Evelyn appeals, contending that the trial court erred in denying his motion to withdraw his plea because his trial counsel was ineffective in failing to inform him that pleading guilty to kidnapping meant that he would be ineligible for parole. For reasons that follow, we affirm.

The indictment charged Evelyn and four other men with kidnapping with bodily injury, alleging that they abducted a woman "without lawful authority and h[e]ld [her] against her will" and the woman "receive[d] bodily injury, to-wit: bruising and swelling to the face and body." After three of the co-defendants pled guilty, the trial court conducted a plea hearing for Evelyn and his remaining co-defendant, his brother.[1] Before Evelyn's brother decided whether to enter a guilty plea, his counsel explained to him on the record that the State's offer meant that he would be sentenced to ten years in prison for kidnapping "of which you would do every day, day for day, second for second, with no parole during those ten years, followed by five years on probation." At no time during the hearing did Evelyn's counsel comment on whether Evelyn would be eligible for parole if he accepted the State's offer. The trial court then explained that the charge of kidnapping with bodily harm "carries with it a mandatory life sentence which would not authorize you to be considered eligible for parole until after you would have served thirty years in confinement." Continuing, the trial court stated, "I see Mr. Evelyn, as I'm speaking,

[1] The record before us does not reflect Evelyn's specific role in the crime because it does not include a factual basis for Evelyn's plea. The trial court incorporated by reference the factual basis presented when the three other co-defendants pled guilty and those pleas are not in the record.

that I've looked at your Change of Plea, and you, too, are offering a plea to kidna[p]ping, which carries with it a significant[ly] different sentence; that is, it carries with it a sentence of ten to twenty years, or life, and would, therefore, allow for consideration for parole at a much, much earlier time."[2] At the conclusion of the hearing, the trial court sentenced Evelyn to "a fifteen-year term; ten years to be served in confinement, followed by five years on probation."

Approximately two weeks later, Evelyn wrote a letter to the trial court clerk asking to withdraw his guilty plea, claiming that his "lawyer did not explain to [him] that kidnapping was a mandatory [minimum] of 10 years without parole," and that "[h]e made it seem that I get out on parole." Shortly thereafter, Evelyn's trial counsel filed a motion to withdraw Evelyn's guilty plea on the basis of ineffective assistance of counsel. Approximately ten months later, at the hearing on Evelyn's motion to withdraw, trial counsel testified that, during plea discussions, he had told Evelyn that kidnapping would result in a ten-year sentence, but mistakenly told him that he would

_____

[2] This statement by the trial court was inaccurate. See OCGA § 17-10-6.1 (b) (1) ("Except as provided in subsection (e) of this Code section, any person convicted of the serious violent felony of kidnapping involving a victim who is 14 years of age or older or armed robbery shall be sentenced to a mandatory minimum term of imprisonment of ten years, and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court.").

3

be eligible for parole during that ten-year period.[3] Evelyn, however, testified that his trial counsel had not discussed parole eligibility with him prior to his plea.

In its order denying Evelyn's motion to withdraw his guilty plea, the trial court determined that Evelyn did not rely on erroneous advice from his trial counsel in making his decision to enter a guilty plea because Evelyn testified that he had not received any advice about parole. The court further determined that, regardless of whether trial counsel had advised Evelyn about parole eligibility prior to sentencing, Evelyn had actual knowledge that he would not be eligible for parole during the period of confinement. The trial court found that Evelyn obtained this knowledge from his brother's counsel's statement to his brother that he would be required to serve every day of the offered ten-year sentence without parole if he accepted it and Evelyn's mother's statement that she felt like the sentence was wrong because, "I know ten years, it might go by fast for them, but, as a mother, it's not going to go by fast for me." Based on these findings, the trial court concluded that Evelyn had failed to show deficient performance because trial counsel was not deficient for failing to repeat what Evelyn already knew about his parole eligibility. The trial court also

---

[3] Counsel testified that he later went back and read the relevant sentencing statute for serious violent felonies, OCGA § 17-10-6.1 (b) (1).

4

concluded that Evelyn had failed to demonstrate prejudice because he alleged no special circumstances demonstrating that he placed particular emphasis on his parole eligibility in deciding whether to plead guilty and that his "informed, expressed preference" was to plead guilty.

Evelyn contends that the trial court erred in denying his motion to withdraw his guilty plea, arguing that withdrawal was necessary to correct a manifest injustice, ineffective assistance of counsel. He contends that his trial counsel was ineffective for providing erroneous legal advice about parole eligibility.

"After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion and withdrawal of the plea is allowed only when necessary to correct a manifest injustice," such as where "a defendant is denied effective assistance of counsel." (Citation and punctuation omitted.) *Gay v. State*, 342 Ga. App. 242, 243 (803 SE2d 113) (2017). "[W]hen a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated under the two-prong test set forth in *Strickland v. Washington*, [466 U. S. 668 (104 SCt 2052, 80 LEd2d 674) (1984)]," deficient performance and prejudice. *Alexander v. State*, 297 Ga. 59, 64 (772 SE2d 655)

5

(2015).[4] When reviewing a trial court's ruling on the effectiveness of trial counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

Pretermitting whether trial counsel's performance was deficient under these circumstances, Evelyn has failed to show prejudice. See *Gomez v. State*, 300 Ga. 571, 573 (797 SE2d 478) (2017) ("If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court."). Where the alleged error is one that affects the defendant's understanding of the consequences of pleading guilty, instead of asking how a hypothetical trial would have played out absent the error, we consider whether there was an adequate showing that the defendant, properly advised, would have opted to proceed with trial. See *Lee v. United States*, ___ U. S. ___ (II) (A) (137 SCt 1958, 198 LEd2d 476) (2017). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead

---

[4] This rule applies regardless of whether a guilty plea gives rise to a direct consequence or a collateral consequence, such as parole ineligibility. *Alexander*, 297 Ga. at 62, n.5, 64."[A] direct versus collateral consequence distinction does not control the scope of reasonable professional assistance required under *Strickland*." *Alexander*, 297 Ga. at 64.

look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, ___ U. S. ___ (II) (C) (emphasis in original).

Here, there was no assertion from Evelyn at the hearing on his motion to withdraw his guilty plea that he would not have plead guilty if he had known about his ineligibility for parole. Nor is there contemporaneous evidence to substantiate Evelyn's preferences. In *Cox v. Howerton*, 290 Ga. 693 (723 SE2d 891) (2012), the defendant entered a guilty plea to a serious violent felony after being misinformed by trial counsel and the trial court that she would be eligible for parole after serving a portion of her sentence. After she had been imprisoned for ten years, the defendant filed an application for a writ of habeas corpus, alleging that trial counsel had rendered ineffective assistance by misrepresenting her eligibility for parole before she entered her guilty plea. Id. The Georgia Supreme Court upheld the determination of the habeas court that the prejudice prong of the *Strickland* test had not been met where the defendant's concern with her parole eligibility was reflected in the guilty plea transcript, but she "did not place 'particular emphasis' on parole concerns and . . . there was no 'special circumstance,' i.e., no fact peculiar to [defendant] or her case that caused her to place particular emphasis on parole eligibility." Id. at 694-695.

Similarly, there is no contemporaneous evidence from which we could

conclude that Evelyn placed particular emphasis on parole concerns or that any fact peculiar to Evelyn or his case caused him to place particular emphasis on parole eligibility in deciding whether to plead guilty. Because Evelyn has failed to establish the prejudice prong of the *Strickland* test for ineffective assistance of counsel, we affirm the trial court's denial of Evelyn's motion to withdraw his plea. See *Cox*, 290 Ga. at 695; *Alexander v. State*, 342 Ga. App. 106, 108 (803 SE2d 88) (2017) (upholding trial court's conclusion that defendant failed to meet burden of showing prejudice based on findings that defendant "did not place any 'particular emphasis' on his parole eligibility and that there were no 'special circumstances' that caused him to place particular emphasis on parole eligibility").

*Judgment affirmed. McFadden, P. J., and Ray, J., concur.*