**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._**

**June 3, 2021**

# In the Court of Appeals of Georgia

A21A0338. RAY v. THE STATE.

REESE, Judge.

In October 2018, a Douglas County grand jury indicted Kayla Ray on five counts of child cruelty in the first degree.[1] She entered a non-negotiated guilty plea, and following a hearing, the trial court sentenced her to 100 years with the first 50 to be served in confinement. Ray filed an amended motion to withdraw her guilty plea arguing, inter alia, that she received ineffective assistance of counsel. Following a hearing, at which her plea counsel testified, the trial court denied Ray's amended motion. This appeal followed. For the reasons set forth infra, we affirm.

---

[1] See OCGA § 16-5-70 (b).

"[O]n a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence."[2] Considered in that light, the record shows the following. In September 2018, Ray and her three children (seven-month-old twins, B. R. and her sister, and an older toddler) were living in the home of the twins' grandfather, Daniel Callies. Douglasville police visited Callies's residence for a welfare check after receiving a report of alleged child abuse. When officers arrived at the home, Callies stated that he had recorded Ray striking B. R., and he provided the officers the video. The video showed Ray picking up B. R., punching her, holding a towel over her face, holding her face against a chair cushion, choking her, and throwing her against the bottom of the crib. In her statement to police, Ray claimed that she had taken "a Xanax bar" in hopes of getting to sleep, and that she did not remember picking up or putting her hands on B. R. Ray's children were transported to a hospital for further evaluation, and Ray was placed under arrest.

A psychologist with the Georgia Department of Behavioral Health and Developmental Disabilities conducted a psychological evaluation of Ray, and concluded that, despite her use of methamphetamine and non-prescribed Xanax, there

---

[2] *Bailey v. State*, 313 Ga. App. 824, 825 (723 SE2d 55) (2012) (citation and punctuation omitted).

2

were no cogitative or psychological issues that would prevent her from being held criminally responsible for her actions. At her plea and sentencing hearing, the court advised Ray of her rights and she entered a non-negotiated guilty plea, which the court found she made freely and voluntarily. The State presented evidence in support of its recommended sentence of 60 years with the first 30 to be served in confinement. Ray's counsel presented witnesses and mitigating factors for the court's consideration, but did not provide a specific sentencing recommendation. The trial court sentenced Ray to 100 years with the first 50 to be served in confinement.

Ray filed an amended motion to withdraw guilty plea, arguing, inter alia, that her plea counsel offered ineffective assistance. Following a hearing on the motion, the trial court denied Ray's amended motion, and this appeal followed.

"[W]hile a guilty plea may be withdrawn anytime before sentencing, once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice, and a trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion."[3] Although the test for manifest injustice will vary from case to case, "it has been said that withdrawal is necessary to correct

---

[3] *Earley v. State*, 310 Ga. App. 110, 112 (712 SE2d 565) (2011) (punctuation and footnotes omitted).

3

a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges."[4] When reviewing a trial court's ruling on the effectiveness of trial counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[5] Additionally, "[t]he question of whether offenses merge is a legal question that we review de novo."[6] With these guiding principles in mind, we now consider Ray's claims of error.

1. Ray argues that the trial court abused its discretion in denying her motion to withdraw guilty plea because she received ineffective assistance of counsel during the plea process. Specifically, she asserts that her counsel was deficient in failing to convey a plea offer from the State, and that not knowing of the State's sentencing proposal prejudiced her. We disagree.

---

[4] *Allen v. State*, 333 Ga. App. 853, 855 (2) (777 SE2d 699) (2015) (citation and punctuation omitted).

[5] *Evelyn v. State*, 347 Ga. App. 368, 371 (819 SE2d 657) (2018).

[6] *Morris v. State*, 340 Ga. App. 295, 312 (7) (797 SE2d 207) (2017).

4

When seeking to withdraw a guilty plea due to ineffective assistance of counsel, one must satisfy the two-part test of *Strickland v. Washington*,[7] namely she must show that "[her] counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8] Even so, "[i]n considering an ineffectiveness claim, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"[9]

Here, there was some discrepancy regarding whether the State actually presented a plea offer to Ray's counsel, which he then failed to communicate to her. As noted above, "the trial court is the final arbiter of all factual issues raised by the evidence,"[10] and we will accept these determinations unless they are clearly

---

[7] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

[8] *Muff v. State*, 210 Ga. App. 309, 311 (436 SE2d 47) (1993) (punctuation omitted).

[9] *Pruitt v. State*, 323 Ga. App. 689, 690 (2) (747 SE2d 694) (2013) (punctuation omitted).

[10] *Bailey*, 313 Ga. App. at 825.

5

erroneous.[11] Although Ray argues the State made a plea offer of 60 years with 30 to serve to her counsel, the assistant district attorney stated that she did not remember making such an offer and that "[her] recollection [was] it was always a non-negotiated plea." Moreover, Ray's plea counsel was somewhat equivocal regarding whether he had received such an offer, responding when asked if "a plea offer was ever communicated to you from the State[,]" "Yes. In a way[.]" After considering the evidence presented at the motion hearing, the trial court found that "the State never extended a plea offer to [Ray] for her to accept or reject, although various options were discussed." Because the trial court's conclusion was not clearly erroneous, we will not disturb its finding that there was no plea offer made. Consequently, as there was never a plea offered by the State, Ray's counsel was not deficient in recommending that she enter a non-negotiated plea for the trial court's consideration.[12] Additionally, as Ray must prevail on both prongs of the *Strickland* analysis, her failure to establish that her plea counsel was deficient means we need

---

[11] *Evelyn*, 347 Ga. App. at 371.

[12] See *Kimbrough v. State*, 215 Ga. App. 303, 305 (5) (450 SE2d 457) (1994).

6

not take this analysis further.[13] For these reasons, the trial court did not abuse its discretion in denying Ray's motion to withdraw based on ineffective assistance of counsel.[14]

2. Ray next argues that the trial court erred in denying her motion to withdraw her guilty plea because she did not enter her plea knowingly and voluntarily. Rather than offering a specific justification for this claim, Ray states she incorporates her arguments from the previous claim of error (i.e., ineffective assistance of counsel), which demonstrates the trial court abused its discretion.

As an initial matter, Ray relies on her arguments regarding her counsel's ineffective assistance to demonstrate that she did not enter her plea knowingly and voluntarily, which conflates two different legal issues. While both have been identified as the type of manifest abuse of discretion that would justify overturning

---

[13] See *Smith v. State*, 296 Ga. 731, 733 (2) (770 SE2d 610) (2015) ("Failure to satisfy either prong of the *Strickland* test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon [the reviewing court] to examine the other prong.") (citation and punctuation omitted).

[14] See *Brown v. State*, 291 Ga. 892, 898-899 (4) (734 SE2d 23) (2012) (affirming denial of motion to withdraw because evidence showed defense counsel presented and discussed an informal plea offer with the defendant).

7

a trial court's denial of a motion to withdraw a guilty plea,[15] they are separate issues and, as such, employ distinct analyses and burdens of proof.[16]

> To determine whether a guilty plea is valid, the record must show that the defendant understands the plea and the constitutional rights that he is relinquishing. The State has the burden on direct review of establishing that the plea was entered intelligently and voluntarily. The State may meet this burden by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[17]

In the present case, Ray stated at the sentencing hearing that she was aware of the rights she was waiving and that she was not entering the plea under pressure or threats. Ray also testified that she understood the minimum sentence was 25 years and

---

[15] *Upton v. State*, 350 Ga. App. 535 (829 SE2d 791) (2019) ("After sentencing, a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice — ineffective assistance of counsel or an involuntarily or unknowingly entered guilty plea.") (citation and punctuation omitted).

[16] See *Pruitt*, 323 Ga. App. at 690 (2) ("Although the State generally bears the burden of establishing the validity of a plea on a motion to withdraw, [appellant] bears the burden . . . of establishing her claim of ineffective assistance of counsel.") (citation and punctuation omitted).

[17] *Upton*, 350 Ga. App. at 537-538 (2) (citation and punctuation omitted).

8

the maximum was 100 years, that the State was recommending 60 years with 30 to be served in confinement, and that when entering a non-negotiated guilty plea it was ultimately up to the court to decide the sentence. Additionally, Ray stated that she was entering the plea freely and voluntary, and that she was satisfied with her attorney's representation. Considering the evidence presented, the trial court did not abuse it discretion in finding her plea was entered freely and voluntarily.[18]

3. Ray asserts the trial court erred in failing to merge the five counts of cruelty to children for sentencing purposes.[19] We disagree.

---

[18] See *Rios v. State*, 358 Ga. App. 359, 363-364 (855 SE2d 372) (2021) (holding that an appellant's claim that he did not understand that the trial court had complete sentencing discretion in non-negotiated plea did not make his plea involuntary where he had confirmed his understanding that the court had total sentencing discretion at hearing); *Johnson v. State*, 298 Ga. App. 197, 201 (2) (679 SE2d 763) (2009) (trial court did not abuse its discretion in denying motion to withdraw where the court had thoroughly ascertained on the record that the defendant's plea was knowingly and voluntarily entered at the plea hearing and considered additional testimony at the hearing on the motion to withdraw).

[19] Although Ray presented this claim of error within the overall context of her motion to withdraw her guilty plea, as a general matter, merger claims cannot be waived; a conviction that merges with another conviction "is void . . . and a sentence imposed on such a void conviction is illegal and will be vacated if noticed by [the reviewing court], even if no merger claim was raised in the trial court and even if the defendant does not enumerate the error on appeal." *Nazario v. State*, 293 Ga. 480 (746 SE2d 109) (2013) (punctuation omitted). As the Supreme Court of Georgia has stated, "while defendants who plead guilty waive trial[,] they do not waive appellate review of merger claims, which are a species of void-conviction claim — a claim long

Merger generally refers to situations where "a defendant is prosecuted for and determined by trial or plea to be guilty of multiple criminal charges but then, as a matter of substantive double jeopardy law, can be punished — convicted and sentenced — for only one of those crimes."[20] However, when the issue presented is "whether a course of conduct can result in multiple violations of the same statute" we employ a different analysis.[21] "In this context, the merger analysis requires careful interpretation of the criminal statute at issue to identify the 'unit of prosecution' — the precise act or conduct that the legislature criminalized."[22] Accordingly, we must begin our analysis with the statute itself.[23]

---

recognized as an appropriate issue to consider on appeal from a guilty plea." Id. (punctuation omitted).

[20] *Scott v. State*, 356 Ga. App. 152, 154-155 (5) (846 SE2d 241) (2020) (citation, punctuation, and footnote omitted).

[21] *Busby v. State*, 332 Ga. App. 646, 650 (2) (b) (774 SE2d 717) (2015) (punctuation omitted).

[22] *Hogg v. State*, 356 Ga. App. 11, 16 (2) (b) (846 SE2d 183) (2020) (citation and punctuation omitted); see Notes and Comments, *Twice in Jeopardy*, 75 YALE L. J. 262, 312-313 (December, 1965) ("In cases involving repeated violations of a single statute, the courts have used the term unit of prosecution to mean the offense which the legislature intended to create.") (punctuation and footnote omitted).

[23] See *Busby*, 332 Ga. App. at 650 (2) (b).

OCGA § 16-5-70 (b) states that one "commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." Therefore, the act prohibited by OCGA § 16-5-70 (b) is "maliciously caus[ing] a child under the age of 18 *cruel or excessive physical or mental pain*[,]"[24] and each act causing cruel or excessive physical or mental pain constitutes a "unit of prosecution" under the statute.[25]

When examining whether separate counts merge, it is also relevant to determine if there has been a "deliberate interval of time between the acts of cruelty[.]"[26] However, when conducting this analysis "[t]hat the interval is merely minutes or even seconds . . . cannot be a determinative factor."[27] However, the greater

---

[24] OCGA § 16-5-70 (b) (emphasis supplied).

[25] See *Busby*, 332 Ga. App. at 651 (2) (b).

[26] *Jones v. State*, 302 Ga. 488, 492 (1) (d) (807 SE2d 344) (2017); see *Robinson v. State*, 309 Ga. 729, 732 (1) (b) (848 SE2d 441) (2020) (holding two counts of child cruelty involving hitting and biting merged because the evidence failed to show "there was a deliberate interval of time between the two acts of cruelty or that they occurred other than in a single transaction[ ]") (punctuation omitted).

[27] *Scott*, 356 Ga. App. at 160-161 (punctuation omitted).

the interval of time between acts, the greater the likelihood the acts were separate offenses.[28]

Here, Ray was charged with five separate counts of child cruelty with the separate acts being identified as hitting, placing a towel over the child's mouth and nose, holding the child's face against a chair cushion, choking, and throwing the child into a crib. While these acts were recorded on video and played at the plea and sentencing hearing, the recording was not entered into evidence or included in the appellate record. As the reviewing court, we "[are] limited to finding error, as in all cases, based on the record."[29] The Supreme Court of Georgia has further stated:

> [w]hile a defendant does not waive consideration of merger issues by pleading guilty, [her] guilty plea does waive the expansion of the factual record that occurs with a trial. The practical effect of that waiver will usually mean that [she] cannot establish (and the court cannot discern) that any of [her] convictions merged, particularly as a matter of fact, based on the limited record. In this respect, merger claims in guilty plea cases are like other claims that a defendant who pleads guilty may try to raise but rarely will be able to establish based on the limited record.[30]

---

[28] Id.

[29] *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013).

[30] Id.

Based on the limited record before us, we cannot say that the distinct acts of child cruelty included in the indictment, and to which Ray pleaded guilty, merged as this would "depend[] on facts that are not in the record."[31] Therefore, we affirm the trial court's ruling.

*Judgment affirmed. Doyle, P. J., and Brown, J., concur.*

---

[31] Id. at 491 (3) (b).